RueimN, Chief-Justice.
 

 After stating the pleadings and report,as above set forth, proceeded as follows :
 

 For the defendant, it is insisted, that both decrees are erroneous, for that the purchase was absolute, but if not, that the defendartthad a right to make the improvements, or at all events, is not to be charged with rents, as for those improvements.
 

 The case is not free from doubt upon the first point. The character .of the conveyance is to be determined by the intention of the parties* and if that, however as*
 
 *473
 
 certained, was that it should operate as a security, the court so regards it, and the debtor will be entitled to redeem. The difficulty is always in ascertaining the intention. Here the instrument called by the plaintiffs a defeasance, is admitted in the answer, but the defendant denies. that it was given with the view of turning his purchase into a security. For the purpose of supporting that assertion, he states that the price mentioned in it was a full one, that lie then gave up a former and more effectual security for the debt which
 
 Gillis
 
 owed him, which he would not have done, if he had considered that he was only taking a mortgage for that, and the additional sum then paid, and that
 
 Gillis
 
 was about removing to distant parts,and had no expectation or wish to redeem the premises, and therefore cannot be supposed to have stipulated for it. These circumstances would be very strong to repel the inference from the words of the agreement, if they appeared in a way for the court to take notice of them. But they do not. It no where appears that the defendant ever had a deed of trust. It is true, that upon the evidence before the master, upon the taking of the account, it appears that $169 was the full value, and that
 
 Gillis
 
 was about to remove to Alabama. But the court is confined on an appeal, to the proofs upon which the decree impeached for error, was founded. When the decree for redemption and an account v'as made, there were no proofs but the exhibits, and the defendant’s answer; and the answer .after replication, is not evidence for the defendant, except as it is made so by discoveries called for in the bill, and which arc responsive to direct charges, or special interrogatories. Here the bill charges nothing but the execution of the agreement, which is appended to the bill, by force of which alone the right to redemption is claimed, and interrogates the defendant as to its execution. That-the answer admits. The other circumstances brought forward in the answer are new matters, and must therefore be proved by the defendant, before they can vary the decree.
 

 On an appeal j« equity .the Supreme Court is confined to the proofs uponwhich the decree sought .to he reversed was founded.
 

 An answer replied to, is evidence for the defendant only when it is respon. siv.e to the bill*
 

 Confining ourselves to the instrument itself, the first
 
 *474
 
 decree pronounced in tlie Superior Court, seems to us to be correct. The transaction cannot be regarded as a sale, accompanied by .an agreement for a re-purchase by the vendor, upon which he must come strictly within time; for nothing of that sort is pretended on either side. If it were so, it would be supported, though the court watches such agreements, and construes them to bo securities, unless a contrary intention be manifest from the circumstances.
 
 (Poindexter
 
 v.
 
 McCannon,
 
 1
 
 Dev. Eq. Cas.
 
 373.) But here no payment by
 
 Gillis
 
 is stipulated for, to be made at any time, as a price for the land. But it is contended the agreement was not for redemption, which might be liad at any time, but that an eventual arrangement of property was contemplated, and that this was at least a conditional sale, to become absolute in the defendant, in the event he did not sell to another within two years. It is difficult to say that, on the face of the papers. An interest is reserved to
 
 Gillis
 
 in the sum that might be got for it, upon a sale to another; which is the surplus, not above a particular sum
 
 in numero,
 
 but above the advances then, and the disbursements on the property,and interest. The question is, does this show that the object was primarily to secure those advances, for if it does, then redemption and all other incidents of a mortgage follow. To us the affirmative seems true. It cannot be doubted, that if the defendant had sold, lie would .have been obliged to pay the surplus to
 
 Gillis;
 
 nor that i f
 
 Gillis
 
 had within two years tendered what was due, he would have had a right to a reconveyance, and that, npt upon the ground of a stipulation to that effect — for there is none.such in the instrument — but upon the equity raised fdr him here, by seeing that since he was to have the surplus, the defendant’s interest was limited to the sum due him, and beyond that,
 
 Gillis
 
 was the real owner. Besides, upon a settlement either before or after a sale, what is made the basis of it? The debt and interest, and the outlays for necessary repairs and interest. The defendant then does not go into possession as owners generally do, and erect or pull down buildings at his pleasure, but re
 
 *475
 
 strains himself to necessary improvements, and as to them,he is to keep accounts against either the debtor or the estate; which wTe think, in the, absence of evidence of the value of the estate, and all other circumstances, is conclusive upon the character of the conveyance originally. If it was then a security, it remains so in the hands of the defendant, although it would be otherwise in the hands of a
 
 bonajide
 
 purchaser, even with notice, upon the score of a personal confidence in the defendant to make a sale, and receive the purchase money, to the application of which the purchaser would therefore not be bound to see. But no agreement at the time of the contract, that the purchase shall in default of the debtor become absolute owner even at an increased price, is permitted by the court to bar redemption, if the subject was once redeemable. (Willet v. Winnell, 1
 
 Vern.
 
 488.
 
 Seton v
 
 .
 
 Slade, 7 Ves.
 
 973).
 

 
 *474
 
 The case of
 
 Poindexter
 
 v. JKc
 
 Cannon (ante
 
 1
 
 vol. p.
 
 373) approved.
 

 
 *475
 
 An agreement at the execution of a mortgage,that in default of the debtor it should become absolute, is never a bar to redemption.
 

 A mortgagee in possession is entitled to the costs of repairs and interest thereon.
 

 But generally it is otherwise as to improvements, because by allowing for their cost, the difficulty of redemption is increased.
 

 But where the mortgagor, thinking himself to be the owner,
 
 bona fide
 
 makes irn-provemenlswhich .exhausts the rent, he is allowed for their costs.
 

 The last decree was merely formal, and seems to have been made to enable the parties to bring the other speedily under revision. ¥e think it too rigorous towards the defendant under the circumstances of the case. livery mortgagee in possession, if not bound to repair, is at least entitled to his expenditures for that purpose, and they form part of the debt on which the interest runs.
 
 (Godfrey
 
 v. Watson, 3
 
 Atk.
 
 518) — and so, for other outlays for the preservation of the estate.
 
 (Hardy
 
 v.
 
 Reeves,
 
 4 Ves. 466). As to new improvements, the general rule is otherwise, but is not unyielding, (4
 
 Kent’s Com.) It
 
 is adopted by the Court, as necessary to protect the mortgagor from imposition, and from having increased difficulties thrown in the way of redemption. The creditor is not therefore allowed to improve the debtor out of his estate. But where the mortgagee takes possession, not only by the consent, but as it were, at the instance of the mortgagor, and the improvement is permanent and beneficial, and, without it, the estate would be altogether unproductive, so that the mortgagor as a prudent man, would make it if he were himself in possession, and the mortgagee really made it under the belief that the estate was his own, and that he was rendering.
 
 *476
 
 the property more valuable as for himself, and not with a view of bringing the expense into account against his debtor, there seems to be a ground for repelling the application of the rule. The principle upon which it is founded, does not reach such a case $ which stands rather on another, that he who takes benefit by the labour or money of another person, not laid out against his will or his interest, shall make compensation. Upon this ground, improvements were allowed for by this Court, in
 
 Bissell
 
 v.
 
 Bozman,
 
 when last before us, because they were proper, and
 
 Bozman,
 
 at the time of making them,
 
 x
 
 * 0 deemed lnmself the owner, and it was held to be otherwise, only upon a nice legal construction. There is no doubt, upon the evidence before the Master, in.this case, that either the defendant’s was a purchase, or that he conceived it, and with much-reason, to be so
 
 ;
 
 and that he acted with good faith in his endeavour to sell, before he laid out more money, and also in making his expenditures. It is in proof, that the sum he advanced, wras a full price — that the debtor w'as then removing, and did remove to Alabama, and therefore had no actual intention to redeem, but expected at most a sale, and that he could not get a tenant at any price without improvements, and that all which the defendant made are absolutely necessary to make the place even comfortable. These circumstances seem to render the case peculiar, and to entitle the defendant to be protected in his expenditures, for as they were incured honestly, he may claim at least to be a bailiff or steward, endeavouring to serve the own-ncr, instead of a creditor, striving to make a pledge his own property. Moreover, the difference is not very great, for the first view taken by the master could not possibly stand, since it charges the defendant with a rent the premises ought to bring both under the repairs and improvements. The rent thus given,exceeds the interest upon both the debt and the repairs, and improvements, and the proof is, that if repairs alone had been made, no tenant could have .been had. The whole rent is therefore justly attributable to the improvements, and will nearly discharge the cost of them, éo as to make the
 
 *477
 
 balance of the account consist almost entirely of the debt, repairs and interest, for which the mortgaged premises are undoubtedly answerable. But we think the case upon its own circumstances forms an exception, if any can, which appeals to the sound discretion of the Court to- make those allowances, upon the footing of fair dealing between these parties, and as no exception is taken to the estimates of the master, as contained in either view submitted by him, but only to the principles upon which they are respectively based, the former decree must be reversed, and the report of the master, finding the balance due to the defendant, on the Í 5th day of March, 1833-, to be
 
 $746 55,
 
 as exhibited in the account annexed to the report, must be confirmed, and a decree made accordingly-*-that the plaintiff pay the same to the defendant, within four months from the day of making this deereee, together with the costs of his suit in the Superior Court, and upon such payment being made by the plaintiff,
 
 Mary B. Qillis,
 
 the widow, that the defendant convey the mortgaged premises to her by way of assignment of his- title to the same as a mortgage, or if the payment be made by the °thcr plaintiffs, that the defendant do convey to the plaintiffs,
 
 John E., Jlmanda JÍ.,
 
 and
 
 Eliza M.,
 
 the-children and heirs at law of the mortgagor; and in default of such payment, the bill to stand dismissed. Un- , M1 „ „ . , . ,
 
 i
 
 on a bill lor foreclosure, the practice in this court has been to decree a sale as being more advantageous to the debtor, and as the creditor is seeking in that suit the recovery of his debt. But upon a bill to redeem, a sale cannot be ordered, except upon consent, because the mortgagee ought not to be compelled to relinquish the estate upon any other terms than receiving his whole debt,which he might ultimately get by reception of the rents, and may not by a sale.
 
 (Troughton
 
 v.
 
 Binkes,
 
 6
 
 Ves. 573.
 

 
 *476
 
 J3lsseH v
 
 man, ante,p.%%9
 
 approvod. The case of
 

 
 *477
 
 redemption, a sale unhTT orderedt’ It is otherwise when a forocio-sure is sought.
 

 Per curiam. — Decree reversed.