PeaesoN, J.
 

 The pleadings and proofs satisfy us of these facts: the plaintiff was ¡pressed for money; his land had been levied on and was advertised by the sheriff for sale; the consideration paid for the land did not exceed one half of its value, as admitted by the defendant, or one third according
 
 *430
 
 to the proof; the plaintiff retained possession for more than a year — receipt of the rent being a possession on his part; the defendant admitted that she had agreed to execute a bond
 
 to
 
 reconvey if the money was repaid. So, undue advantage was taken of the necessitous condition of the plaintiff to get his property at much less than it would have sold for under execution. There was fraud in agreeing to execute a bond to reconvey and afterwards refusing to do so. The possession of the plaintiff was inconsistent with an absolute sale, and is a fact dehors the declarations of the defendant.
 

 The circumstance that the defendant was a feme covert, and therefore her agreement to execute the bond was void, will not avail her as a defense. Notwithstanding her coverture, she was capable of accepting the deed so as to acquire title, and the agreement as to the bond is relied on, not for the purpose of enforcing it, but for the purpose of showing fraud and undue advantage on her part; in regard to which it is pregnant proof.
 

 The pretext set up by the answer, that the plaintiff was willing to sell his land absolutely, at half price, to avoid the exposure of a public sale, after it had been levied on and advertised, is too flimsy to be entitled to notice.
 

 The plaintiff has established every particular necessary to bring his case within the principle upon which this Court will declare a deed, absolute on its face, to be a security for money.
 

 The plaintiff is entitled to a decree for redemption, upon payment of the money advanced and interest; as to which, there will be a reference.
 

 Per Curiam, Decree accordingly.