## JOHN H. SEARS *v.* GEORGE DIXON.

MORTGAGE ON HOMESTEAD.—In this case it was conceded by both parties that, under the second section of the Homestead Act of 1860, a mortgage executed on a homestead was void for any purpose, if given to secure a loan ; and the Court so held.

FINDINGS OF FACT.—If the Court below finds as a fact that a deed, absolute on its face, was a mortgage by agreement of the parties, and the case comes to the Supreme Court on the findings of fact without the evidence, the presumption will be that the testimony upon which the deed was found to be a mortgage was both competent and sufficient.

PRESUMPTION AS TO FINDING OF FACTS.—If the Court makes a finding of facts, but does not include a finding upon one of the issues raised, and the judgment rendered is based upon that issue, the presumption will be that the Court found upon that issue in such a way as to sustain the judgment.

FACTS FOUND BY JUDGE.—If the Judge finds the facts, and then says : "My conclusion from the foregoing facts is," etc., and then states other facts as being facts in the case, the latter will be regarded as part of the facts found.

VALUE OF FACTS FOUND.—If the facts are found by the Judge, and the losing party appeals without moving for a new trial, or without having excepted to the findings, the findings are of no value to the prevailing party ; nor to the losing party, unless they contain facts which show the judgment to be wrong.

DEFEASANCE.—The fact that a defeasance is executed after the execution and delivery of the deed, does not impair its character as a defeasance if it is executed in accordance with an understanding had when the deed was given.

WHEN CONDITIONAL SALE IS MORTGAGE.—Although an absolute deed, accompanied by a covenant to reconvey upon the repayment of-the purchase money, or even a larger sum, may amount to a conditional sale, yet, if such contract be made upon the negotiation of a loan, and such was the intention of the parties, the Court will construe it as a mortgage.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

On the 28th of March, 1861, the defendant was the owner of and living with his family on a lot in the Town of Santa Clara, Santa Clara County. On the same day he executed a declaration of homestead under the Homestead Act of April 28th, 1860, and on the thirtieth of the same month had it filed for record in the Recorder's office, where it was recorded in the Book of Homestead Declarations.

In July, 1861, he wanted to borrow one thousand dollars of one Woodham and give a mortgage on the lot. Woodham declined to take a mortgage, but was willing to let him have the money at one and a half per cent per month interest, if defendant would give him an absolute deed of the lot and take a lease, by the terms of which defendant would pay him as rent what the interest would amount to each month. On the 27th of July defendant and his wife executed and delivered to Woodham an absolute deed of the lot, and Woodham let him have the money, with the understanding that defendant would pay the rent as interest and pay back the principal, and that when he did so Woodham should reconvey to the defendant.

On the 5th day of August, 1861, the lease as agreed was executed, for two years, by both parties, and contained a covenant on the part of defendant to pay the rent and to pay back the one thousand dollars at the end of two years, and a covenant on the part of Woodham to reconvey. The lease was under seal. In November following the defendant sold parcels of the lot, and Woodham executed to the purchasers deeds and received the purchase money on the one thousand dollars.

The following memorandum was afterwards made on the lease:

"By mutual covenant and agreement of the parties herein mentioned, this lease is extended to August 5th, 1864. The

purchase money being changed from one thousand dollars to fifteen hundred dollars, and the rent from fifteen dollars to twenty-five dollars per month; all, both purchase money and rent, to be paid in U. S. gold coin.

> " JOSEPH WOODHAM,
> " GEORGE DIXON."

A memorandum was afterwards made extending the lease to August 5th, 1865. The defendant paid the rent each month until February, 1865, when he ceased doing so. On the 8th of November, 1865, Woodham conveyed the lot to plaintiff, who commenced this action to recover possession of the property December 8th, 1865. The Court below held the transaction to amount to a mortgage, and that it was void under a provision of the Homestead Act of 1850, which declared that no mortgage or alienation of a homestead to secure a loan should be valid, and gave judgment for defendant.

The other facts are stated in the opinion of the Court.

*Peckham* v. *Payne*, for Appellant, argued that the facts found did not show a loan, or that the deed was a mortgage; but that such facts showed the transaction to be a conditional sale; and cited *Hickox* v. *Love*, 10 Cal. 197; *People* v. *Irwin*, 14 Cal. 428; 1 Hill on Mortgages, 63, Sec. 2; 7 Bac. Abridgment, Ed. 1848, p. 50, and cases cited; *Glover* v. *Payn*, 19 Wend. 518; *Robinson* v. *Cropsey*, 2 Edw. Ch. 138; 6 Paige, 480; *Brown* v. *Dewey*, 2 Barb. Ch. 28.

*J. M. Williams*, for Respondent, on the other hand, argued that the facts found clearly showed a loan, and that the deed was given as security and constituted a mortgage, and that as no abandonment of the homestead had been found, the conveyance was void.

By the Court, CURREY, C. J.:

It seems to be conceded by both parties that, if the transaction between Dixon and Woodham amounted to a mortgage, it was void for any purpose whatever, according to the provisions of the second section of the Homestead Act of 1860. (Stats. 1860, p. 311.) The inquiry then is whether it constituted a mortgage or a conditional sale. No question can arise here as to the admissibility or the effect of parol evidence to convert a deed, absolute on its face, into a mortgage, for the evidence is not returned, and it must be presumed that the facts in issue were found upon competent as well as sufficient evidence.

It is urged that the Court did not find that the one thousand dollars passing from Woodham to Dixon, at the time Dixon and wife executed to the former a deed, was a loan. The fact is not expressly found. The money was either loaned, or it was paid as the purchase price for the premises. If the latter was the case, then the deed was absolute, and the cotemporaneous or subsequent agreements did not, because they could not, convert the deed into a mortgage. If the money was not borrowed by Dixon, the transaction could not amount to a mortgage, for confessedly there was nothing to be secured, unless it was the repayment of that money and interest. The defendant in his answer alleged that the money was received as a loan, and that the deed was intended as a mortgage to secure its repayment; and the Court treated it as a mortgage, and on that ground ordered judgment for the defendant. It must therefore be held that the Court found as a fact, though it is not expressly stated in the findings, that the sum received was a loan. That fact would be consistent with the findings as filed, as well as the issues; while a finding that it was a payment for the purchase money upon a sale of the premises would be inconsistent with the decision, if not with the facts recited in the finding.

42

It is also urged the Court did not find that the transaction constituted a mortgage. In this the counsel is in error—being led into it, probably, by the form of the findings. The Court, after stating certain facts as proved, proceeds as follows : " My conclusion from the foregoing facts is that the plaintiff is not entitled to recover possession of the said premises in controversy, because, First—At the date of the deed they constituted the homestead of the defendant, etc. Secondly—The said deed of July 27, 1861, was made and intended as a mortgage to secure the payment of one thousand dollars, which the defendant covenanted by his agreement to pay to said Woodham, two years from date, with the rent therein specified, in lieu of interest thereon." Each of these are ultimate facts in the case, and it would have been more orderly to have stated the conclusion of law after stating such facts. The Court, it is true, says that he draws his conclusion from the "foregoing facts," but he also says he does so because of the facts that he then proceeds to state. The question whether a deed given under circumstances like those in this case was intended as a conditional sale or a mortgage is a question of fact. The conclusions of law which it was designed by the Practice Act should be stated in connection with the findings of fact, were not to be drawn from other conclusions of law, for that would be illogical as well as unnecessary, but from the facts of the case. In other words, the conclusions are what in the opinion of the Judge constitute the law of the case, arising from and applicable to the facts that are proved or admitted in the case. And besides this, were we wrong in considering that the Court had expressly stated this as a fact, the rule announced in respect to the loan would be applicable here. The decision could not be maintained without finding that the transaction amounted to a mortgage, and that fact being in issue, it will be presumed to have been found.

Under the provision of section one hundred and eighty of the Practice Act, as amended in 1866, if the losing party appeals, without having moved for a new trial, or without

having excepted to the findings as defective, the written findings are of no value for any purpose to the prevailing party; nor are they of benefit to the losing party, unless they contain facts that are repugnant to or inconsistent with the judgment. The prevailing party needs no written finding. If he is not entitled to recover upon proof of the facts he alleges, a finding will not aid him, and if he is so entitled, and the decision is for him, he needs no written finding, for it is presumed that the facts essential for the support of the judgment were proved. And on the other hand, the losing party is neither benefited nor injured by the finding or the absence of a finding of the facts, which, if proved, entitle the opposite party to a judgment. He is interested only in having the finding state facts repugnant to or inconsistent with those upon which the opposite party relies, whether recited in the finding or not. In other words, he is interested in having error affirmatively appear. Previous to the Act of 1861, findings were required to support the judgment; but under that Act and section one hundred and eighty above mentioned, where there is no exception on the ground that the finding is defective or wanting, it is only requisite that the finding shall not be repugnant to or inconsistent with the judgment.

This brings up the only remaining point which we think it necessary to notice. It is found that when Dixon applied to Woodham for the loan of the one thousand dollars upon the homestead property, Woodham " referred the matter to his lawyer, who advised him that a mortgage on the homestead of the defendant would be ineffectual to secure the payment of the money." Woodham thereupon refused to lend upon the security. This, it is insisted, shows that the parties did not intend that the property should be mortgaged to secure the repayment of the money. It is apparent that they did not intend that a mortgage *eo nomine* should be executed. Woodham was unwilling to accept, as his security, a lien in that form. But does not the transaction show

that he was willing to accept, and did take a conveyance of the legal title as his security ?

The findings show that " it was finally understood and agreed " between them that Woodham would let Dixon have the one thousand dollars, and that Dixon would convey the property to Woodham by deed; that Woodham would lease the property to Dixon at a rent that would be equivalent to the interest on the one thousand dollars at one and a half per cent per month, and would reconvey the property upon Dixon's paying the one thousand dollars and the rent; that in pursuance of that understanding and agreement the deed was executed and the money paid, and nine days subsequently the parties executed an instrument which constituted the lease, the covenant to reconvey, and a covenant on the part of Dixon to pay the rent and the sum of one thousand dollars on or before the expiration of the lease. All these facts unmistakably indicate a loan, and a security for its repayment. The fact that the agreement last referred to was executed after the delivery of the deed does not impair its character as a defeasance, for it was executed in accordance with the understanding and agreement under which the deed was executed and the money paid. The very object of the admission of parol evidence, which we have held in *Pierce* v. *Robinson*, 13 Cal. 116 ; *Johnson* v. *Sherman*, 15 Cal. 291 ; *Lodge* v. *Turman*, 24 Cal. 385 ; *Cunningham* v. *Hawkins*, 27 Cal. 603 ; and *Hopper* v. *Jones*, 29 Cal. 19, was admissible, was to show the real nature of the transaction without regard to the mode or form in which the instruments in writing were executed. If the defeasance forms a part of the original transaction, it is not material that it be executed at the same time as the deed. (See *Harrison* v. *Trustees, etc.*, 12 Mass. 463 ; *Scott* v. *McFarland*, 13 Mass. 309 ; *Lovering* v. *Fogg*, 18 Pick. 540 ; *Bodwell* v. *Webster*, 13 Pick. 411 ; *Marden* v. *Babcock*, 2 Met. 99 ; 4 Kent, 141.)

There are other facts in the finding that forcibly indicate a loan and security. After two parcels of the premises were sold by Dixon and conveyed by Woodham, the purchase

money of the two parcels amounting to eight hundred dollars, Woodham lent to Dixon a further sum, so that the one thousand dollars was increased to one thousand five hundred dollars, and the rent was raised to twenty-five dollars per month.

We are of the opinion that the Court was justified in finding that the transaction constituted a mortgage, and that the parties intended thereby to secure the repayment of the sum loaned and the interest.

It is not doubted by any one that an absolute deed, accompanied by a covenant to reconvey upon the repayment of the purchase money, or even a larger sum, may amount to a conditional sale, and the cases cited by counsel show that such transactions are frequent. " To deny the power of two individuals," says Mr. Chief Justice Marshall in *Conway* v. *Alexander*, 7 Cranch, 237, " capable of acting for themselves, to make a contract for the purchase and sale of lands defeasible by the payment of money at a future day ; or in other words, to make a sale with a reservation to the vendor of the right to repurchase the same land at a fixed price and at a specified time, would be to transfer to the Court of Chancery in a considerable degree the guardianship of adults as well as of infants." On the other hand, there is as little question that such contracts may be made upon a negotiation of a loan ; and when it appears that such was the object and intention of the parties, the Court will construe it a mortgage. (*Page* v. *Rogers*, 31 Cal. 305 ; *Robinson* v. *Cropsy*, 6 Paige, 480 ; *Holmes* v. *Grant*, 8 Paige, 243 ; *Clark* v. *Henry*, 2 Cowen, 324 ; *Taylor* v. *Weld*, 5 Mass. 109 ; *Hughes* v. *Edwards*, 9 Wheat. 489 ; 4 Kent, 141.)

Judgment affirmed.

Mr. Justice SANDERSON did not express an opinion.