STACY, C. J., dissenting.
BARNHILL and WINBORNE, JJ., concur in dissent.
Action to recover commissions alleged to be due plaintiff on certain real estate sales under contract of employment by defendant.
The cause was heard by a referee. The plaintiff offered evidence tending to show that prior to 30 March, 1932, he had been employed by the defendant as field manager and collector, and that on that date he received the following letter from the defendant: "Beginning April 1st, your salary will be $175.00 per month and expenses, together with two and one-half per cent commission on approved real estate sales. Irving F. Hall, Executive Vice President." He testified that the territory assigned him consisted of the counties of Bladen, Cumberland, Hoke, Lee, Montgomery, and Moore, and that it was agreed he should receive commissions on all sales of real estate within said territory whether made by him and his assistants or by other representatives of the defendant; that this arrangement and understanding continued up to 7 April, 1933, when he received the following communication: "In the past, it has been the practice for the fieldman in charge of each district to receive 2 1/2 % commission on the sale of farms in his district. Because of the large expense of the sales division and the small amount of sales we are receiving, the executive committee ruled that no more commissions will be paid to a district man unless he is directly responsible for the sale either by his own efforts or through the efforts of a `bird dog' (assistant) that he has worked with."
Plaintiff continued in the employment of defendant until his services were terminated 15 August, 1933. Defendant paid plaintiff for all *Page 81 
salary and commissions due, except for sales in plaintiff's territory which were made by other representatives of defendant during the period prior to 7 April, 1933.
The defendant contended, and offered evidence tending to show, that the agreement for commissions embraced only those sales made by the plaintiff and his assistants, and did not include commissions on sales by other representatives of defendant. Defendant placed in evidence a memorandum signed by plaintiff, dated 24 February, 1933: "Statement of employment of Warren A. Smith, by the Atlantic Joint Stock Land Bank of Raleigh. I understand that I am employed by the Atlantic Joint Stock Land Band of Raleigh on a monthly salary of $175.00, plus subsistence while I am on duty away from my post of duty. This salary and subsistence is payable semimonthly. I furthermore understand and agree that I am to receive 2 1/2% commissions on gross sales price on all land sales which I turn in to the bank and which are accepted by it. . . . I will submit with each and every contract which I submit to the bank a `Salesman's Commission Report,' showing the amount of commission and to whom to be paid. I also agree that in the event that after a contract has been approved by the bank it develops that the bank is liable for commissions to some party, or parties, other than those named in the `Salesman's Commission Report,' the additional commission for which the bank is liable is to be charged to my commission account with the bank. I also understand that the above terms will apply to all sales which I have made during the time I have been employed by the bank. Warren A. Smith."
Defendant offered evidence showing that commissions had been paid and accepted by plaintiff only for those sales made by him and his assistants, and that no additional claim was made by him until he was discharged, shortly before this suit was begun, and that the language used in the memorandum of 7 April, 1933, was due to an error on the part of the writer.
The referee found that the contract between the parties was an contended by plaintiff, to wit: $175.00 per month and expenses, together with 2 1/2% commission on all approved real estate sales in plaintiff's territory during the period from 1 April, 1932, to 7 April, 1933, and that defendant was indebted to plaintiff for unpaid commissions in the sum of $987.75 and interest.
Upon exceptions filed, the cause was heard by the judge of the Superior Court, who adopted the findings of fact and conclusions of law of the referee, and entered judgment for the amount so ascertained. Defendant appealed.
The rule is established in this jurisdiction that findings of fact by a referee, concurred in by the judge, are conclusive when there is competent evidence to sustain them. Cotton Mills v. Yarn Co., 192 N.C. 713; Storyv. Truitt, 193 N.C. 851.
Hence, the only question presented by this appeal is whether there was any evidence to support the finding of the referee, approved by the court below, that the plaintiff was entitled to commissions on all approved real estate sales in his territory during the period from 1 April, 1932, to 7 April, 1933. It is obvious that the testimony of plaintiff, the letter of 30 March, 1932, the memorandum of 7 April, 1933, constitute some evidence supporting this finding.
But the defendant insists that the statement signed by plaintiff on 24 February, 1933, shows a different understanding and is inconsistent with plaintiff's claim, at least after that date.
It will be noted, however, that plaintiff testified in explanation and amplification of the letter of 30 March, 1932, that certain definite territory was assigned to him, and that the agreement for compensation included payment of commissions on all approved real estate sales within the territory, and that this evidence, together with the language of the memorandum of 7 April, 1933, which purported to change the previous rule and to limit commissions thereafter to those directly responsible for sales, sustains plaintiff's claim and it cannot be held as a matter of law that an inconsistent statement made by him on 24 February, 1933, would have the effect of overthrowing all of plaintiff's evidence. Judgment of nonsuit could not be sustained upon that statement alone (Hadley v. Tinnin,170 N.C. 84), and hence, however persuasive the language of the statement, the trier of the facts was not thereby necessarily precluded from finding for the plaintiff on other competent evidence.
The judgment of the court below must be
Affirmed.