L. E. O'BRIANT, MAYE H. O'BRIANT, EARLE J. O'BRIANT, JESSIE
O'BRIANT, R. D. O'BRIANT, AND NEFFIE O'BRIANT BRADSHER v.
MRS. E. FRANK LEE, CLAUDE V. JONES, TRUSTEE, MRS. E. FRANK
LEE, GUARDIAN, AND VICTOR S. BRYANT, TRUSTEE FOR ELSIE LOIS
LEE.

(Filed 1 February, 1939.)

1. **Mortgages § 2—Equity will declare absolute deed and contemporaneous
contract to reconvey a mortgage when transaction is to secure debt.**

An absolute deed and a contemporaneous contract by the grantee to
reconvey upon the payment of a designated sum within a stipulated time
will be declared in equity a mortgage if it appears upon the face of the
instruments that there was a debt existing between the parties, either
antecedent or presently created, unless a contrary intent plainly appears
upon the face of the instruments, or when the relationship of debtor and
creditor does not appear from the instruments, if it appears by evidence
*dehors* the instruments that in fact the transaction was between debtor
and creditor and was intended by the parties to secure the debt.

2. **Same: Evidence § 40—Evidence dehors the instruments is competent
in determining whether deed and contract to reconvey constitute
equitable mortgage.**

In an action to have an absolute deed and a contemporaneous contract
by the grantee to reconvey declared in equity a mortgage when it does
not appear from the face of the instruments that the relation of debtor
and creditor existed between the parties, parol and extrinsic evidence
*dehors* the instrument tending to show the consideration for the deed,
prior negotiations between the parties, continued possession by the
grantor, and the conduct of the parties before, at, and after the execution
of the instruments, is competent, not for the purpose of contradicting the
writings, but to show the entire contract, such circumstances being com-
petent in determining whether in fact the transaction was intended by
the parties to secure a debt.

3. **Same—In action to establish equitable mortgage, existence of debt
between the parties may be established by parol.**

In an action to have an absolute deed and a contract to reconvey
declared an equitable mortgage, it is not necessary that it appear upon
the face of the instruments that the grantor in the deed is personally
obligated to pay the sum stated for the reconveyance or be obligated to
redeem within the time stipulated, since the existence of the debt may
be shown by parol from the nature, facts and circumstances of the trans-
action tending to establish this conclusion by fair and just implication.

4. **Appeal and Error § 50—Decision that plaintiffs are not entitled to
judgment on the pleadings but that issue of fact was raised for jury
precludes judgment of nonsuit on subsequent hearing.**

Where, in an action to have an absolute deed and a contemporaneous
contract by the grantee to reconvey declared in equity a mortgage, it is
determined on appeal that judgment refusing plaintiffs' motion for judg-
ment on the pleadings was correctly entered, but that an issue of fact

O'BRIANT v. LEE.

was raised for the determination of the jury, the decision becomes the law of the case, and on the subsequent hearing it is error for the court to refuse to submit the issue to the jury and enter judgment for defendant.

STACY, C. J., dissenting.

WINBORNE, J., concurs in dissent.

APPEAL by plaintiffs from *Ervin, Jr., Special Judge,* at September Term, 1938, of DURHAM.

This is an action to have a deed from plaintiffs to defendant and a contract of reconveyance from defendant to plaintiffs delivered contemporaneously construed as and adjudged to be in equity a mortgage; for the redemption of said mortgage; and for an accounting. The case was here on a prior appeal at the Spring Term, 1938, and is reported in 212 N. C., 793. The facts, including an exact copy of the instrument executed by the defendant, are there set forth. Since the former appeal the complaint has been amended to allege "That the relationship of debtor and creditor did and does now exist between the plaintiffs and the defendant."

When the case came on for trial below a jury was impaneled and evidence was offered by the plaintiffs. During the examination of the plaintiff, Lex O'Briant, the jury was excused and the plaintiffs were permitted to continue with the examination for the purpose of allowing the record to show what the witness would have testified if permitted to do so. This evidence is substantially as recited in the former appeal. The evidence was excluded over plaintiffs' exception. Other similar testimony was likewise excluded. The plaintiffs rested, and upon motion by the defendant for judgment upon the record, the court, being of the opinion that there is no issue of fact to be submitted to the jury upon the record and being of the opinion that upon the record and upon the admitted paper writings in controversy the plaintiffs are not entitled to the relief sought in the complaint, rendered judgment dismissing the plaintiffs' action and granting defendant judgment in the sum of $250.00 against plaintiffs. The plaintiffs excepted and appealed.

*Bennett & McDonald and Guthrie & Guthrie for plaintiffs, appellants.*
*Brooks, McLendon & Holderness and Hedrick & Hall for defendant, appellee.*

BARNHILL, J. After this cause was remanded for a new trial on the former appeal, on motion of plaintiffs, Claude V. Jones, Trustee, Mrs. E. Frank Lee, Guardian, and Victor S. Bryant, Trustee for Elsie Lois

Lee, were made additional parties defendant and the complaint was amended accordingly. Immediately after the impaneling of the jury the defendants stipulated in open court that the additional parties defendant claim no right or interest in the real estate involved in this controversy superior to the rights of Mrs. E. Frank Lee and that such rights as they may have are subject and subordinate to the terms, provisions, and conditions of any contract which may be finally established in this action between the plaintiffs and the defendant Mrs. E. Frank Lee, individually. Thus, it appears that Mrs. E. Frank Lee is the only real defendant party in interest on this appeal.

The plaintiffs admit that they executed and delivered to the defendant a paper writing which is a deed absolute in form and that contemporaneously therewith, and as a part of the same transaction, they received from the defendant a paper writing in which the defendant bound herself, under the conditions therein stipulated, to reconvey the property to the plaintiffs on or before 2 December, 1934. Is parol proof of the facts and circumstances surrounding the transaction, tending to show the real intent of the parties, and that the relationship of debtor and creditor existed, competent for the purpose of showing that the two instruments construed together constitute a mortgage? This is the one question presented.

"The principle that equity looks beneath the external form in determining questions connected with mortgage has frequently been applied to a particular mode of dealing with real property. Where land is conveyed by an absolute deed, and an instrument is given back as a part of the same transaction, not containing the condition ordinarily inserted in mortgages, but being an agreement that the grantee will reconvey the premises if the grantor shall pay a certain sum of money at or before a specified time, the two taken together may be what on their face they purport to be—a mere sale with a contract of repurchase, or they may constitute a mortgage. In the first case, where the transaction is merely a sale and a contract of repurchase, the agreement must be fulfilled according to its terms. . . . In the second case, if the transaction be a mortgage, all the qualities and incidents of a mortgage attach, whatever be its external form, and whatever be the collateral stipulations, the maxim, once a mortgage, always a mortgage, applies to this condition of fact with a special emphasis." Sec. 1194, 3 Pom. Eq. Jur., 4th Ed. "Whether any particular transaction does thus amount to a mortgage or to a sale with a contract to repurchase must, to a large extent, depend upon its own special circumstances; for the question finally turns, in all cases, upon the real intention of the parties as shown upon the face of the writings, or as disclosed by extrinsic evidence. A general criterion, however, has been established by an

overwhelming concensus of authorities, which furnishes a sufficient test in the great majority of cases; and whenever the application of this test still leaves a doubt, the American courts, from obvious motives of policy, have generally leaned in favor of the mortgage. This criterion is the continued existence of a debt or liability between the parties, so that the conveyance is in reality intended as a security for the debt or indemnity against the liability. If there is an indebtedness or liability between the parties, either a debt existing prior to the conveyance, or a debt arising from a loan made at the time of the conveyance, or from any other cause, and this debt is still left subsistent, not being discharged or satisfied by the conveyance, but the grantor is regarded as still owing and bound to pay at some future time, so that the payment stipulated for in the agreement to reconvey is in reality the payment of this existing debt, then the whole transaction amounts to a mortgage, whatever language the parties may have used, and whatever stipulation they may have inserted in the instruments. . . . The writings may show on their face that the relation of debtor and creditor still continues, and that its existence and consequences are contemplated by the parties; or they may entirely fail to show any such fact, and may consist simply of an absolute conveyance and of a naked agreement to reconvey. . . . In the latter case extrinsic parol evidence is always admissible to show the real situation of the parties, the existence of a debt, their intention to secure payment of that debt, and the actual character of the instruments as constituting a mortgage." Sec. 1195, 3 Pom. Eq. Jur., 4th Ed.

"From the controlling principle that a conveyance is a mortgage irrespective of its form, if designed to secure the performance of an obligation, it results that a deed, though absolute in form and unqualified by any accompanying agreement for a reconveyance of the property or a defeasance, must be construed to be a mortgage subject to redemption where it is made manifest from a consideration of all surrounding facts and circumstances that the parties thereto intended the conveyance to operate by way of security and in no other mode." 19 R. C. L., sec. 29, page 261. (This doctrine has been adopted with limitations by this Court.) "Since an instrument, irrespective of its form, is a mortgage if intended as security, it follows that a deed with a provision for a reconveyance or a defeasance of the estate on the performance of certain conditions, whether the provision is made in the deed itself or in an accompanying instrument, is a mortgage if intended to secure the performance of the conditions stipulated, even though it is in form a conditional sale or conveyance of some other character. In this connection it is important to note that the deed and the provision for reconveyance do not of themselves constitute a mortgage although

the rule is sometimes loosely so stated. On the contrary, it is absolutely essential that at the inception of the transaction the deed be intended to operate by way of security." 19 R. C. L., sec. 34, page 265.

"Very frequently no expressions are used in either the deed proper or the stipulation for reconveyance which indicate either that the transaction was intended to operate as a mortgage or that the relationship of debtor and creditor existed between the parties after the conveyance." In such instances, "According to one view the transaction is presumed as a matter of law to be a mortgage. . . . Elsewhere, however, the transaction is presumed as a matter of fact to be a mortgage, evidence being admissible to rebut that presumption. In other jurisdictions the transaction is regarded *prima facie* as what it purports to be, a conditional sale, this view having the support of the weight of authority." 19 R. C. L., sec. 37, page 267.

"Regardless of the view that they may entertain as to the presumptive character of a deed with a stipulation for reconveyance, or as to the standard of proof necessary to establish the instrument or instruments to constitute a mortgage, the authorities are agreed that where the evidence leaves the state of the transaction in doubt, a court will hold a deed with a provision for reconveyance to be a mortgage rather than a conditional sale. This rule is based on the consideration that, generally speaking, the purpose of justice will be more effectually subserved if the transaction is declared to be a mortgage than if it is held to be a conditional sale, for as lenders of money are less under the pressure of circumstances which control the perfect and free exercise of the judgment than borrowers, the effort is frequently made by them to avail themselves of the advantage of their superiority, in order to obtain inequitable advantages." 19 R. C. L., sec. 39, page 269.

"When the grantor in an absolute deed at the same time takes back from the grantee a written contract giving the former a certain length of time in which to redeem the premises by paying the amount of the debt, or the consideration for the deed, and binding the latter to reconvey on such redemption, the two papers together constitute a mortgage. And the effect of the transaction is not altered by the fact that the contract specifically limits the time for redemption, and makes the time an essential element in the right to redeem. But if the contract leaves it entirely optional with the grantor to redeem or not, and does not bind him to effect a redemption according to the agreement, it is rather to be held a conditional sale than a mortgage." 41 C. J., sec. 81 (3), page 321.

The foregoing textbook statements of the law are supported by a wealth of authority cited in the texts. Likewise, a full monograph on the whole subject may be found in L. R. A., 1916B, page 27, Et. Seq.

The decisions of the various American courts are there gathered and cited. On the particular questions here presented citations may be found on pp. 126-135, pp. 213-236, and pp. 240-243. Likewise, a citation and summary of the later decisions may be found in the annotations in 79 A. L. R., page 937.

In *Conway v. Alexander,* 3 U. S. Law Ed., 321, the leading case on the subject of the distinction between mortgages and conditional sales, the Court laid down the rule followed since then in most of the states, that the intention of the parties governed as to whether they were entering into an absolute sale with a right of repurchase in the grantor, or whether the conveyance was given as a security. It was further held that, in order for the transaction to be a mortgage, there must be a debt continuing to exist in favor of the grantee subsequent to the conveyance. *Marshall, C. J.,* there made the following oft-quoted statement: "To deny the power of two individuals, capable of acting for themselves, to make a contract for the purchase and sale of lands defeasible by the payment of money at a future day, or, in other words, to make a sale with a reservation to the vendor of a right to repurchase the same land at a fixed price and at a specified time, would be to transfer to the court of chancery, in a considerable degree, the guardianship of adults as well as of infants. Such contracts are certainly not prohibited either by the letter or the policy of the law. But the policy of the law does prohibit the conversion of a real mortgage into a sale. And as lenders of money are less under the pressure of circumstances which control the perfect and free exercise of the judgment than borrowers, the effort is frequently made by persons of this description to avail themselves of the advantage of this superiority, in order to obtain inequitable advantages. For this reason the leaning of courts has been against them, and doubtful cases have generally been decided to be mortgages, but as a conditional sale, if really intended, is valid, the inquiry in every case must be, whether the contract in the specific case is a security for the repayment of money or an actual sale."

*Parks v. Mulledy,* 79 A. L. R., 934, is a case in which there was a deed absolute with a contract to reconvey. It is there said: "The intention of the parties at the time an agreement to execute a deed is consummated is determinative of whether the title is irrevocably transferred, or the conveyance is merely a security for the payment of a debt or the performance of an obligation." *Clinton v. Utah Construction Co.,* 40 Idaho 659, 237 Pac., 427. In *Hoover v. Bouffleur,* 133 Pac., 602 (Wash.), the plaintiff, being in need of a loan of money with which to pay installments due on a mortgage, applied to the defendant for the necessary accommodation. The defendant refused to make the loan on the security of the mortgaged property, but offered to buy it

for the amount of the proposed loan ($250.00) and to give the plaintiff an option to repurchase within three months for $325.00. Thereupon, the plaintiff conveyed the property to the defendant by a deed absolute, and took back an option as agreed. The transaction was held to constitute a mortgage, in view of the fact the amount advanced was grossly inadequate consideration for an absolute conveyance, notwithstanding the previous refusal of the defendant to make a loan. *Sherrer v. Harris,* 13 S. W., 730 (Ark.), is to the same effect.

The real character of the transaction and the true intention of the parties may be inquired into, and shall govern, notwithstanding they may have adopted the form of an absolute conveyance and bond for resale. And if such transaction was really a loan, and these instruments were executed to secure it, it is a mortgage; and once a mortgage it so continues. *Bishop v. Williams,* 18 Ill., 105; *Sears v. Dixon,* 33 Cal., 326.

The rule regards the circumstance of the parties and executes their real intention, ·and prevents either of the parties to the instrument committing a fraud on the other by claiming it as an absolute conveyance, notwithstanding it was given and accepted as security. In other words, the real transaction is permitted to be proved. *Cabrera v. American Colonial Bank,* 214 U. S., 224, 53 L. Ed., 974. The real intention of the parties controls.

In North Carolina we have decisions to like effect. In *Streator v. Jones,* 10 N. C., 423, the plaintiff was seeking to show that a deed absolute was executed and delivered as security for a loan. In holding that parol evidence was competent, it is there said: "Can it be said that the deed embraces the whole contract or can it be said that the deed contradicts that part of the contract which provided for redemption? It has never been considered that a defeasance and an absolute conveyance will not stand together. It seems to me that in such case the execution of the deed is a part execution only of the contract, and that the residue of the contract remains executory."

*Poindexter v. McCannon,* 16 N. C., 373, is a case in which a bill of sale was executed for a slave. There was an indorsement on the bill of sale providing that if the plaintiff paid the defendant $400.00 within twelve months of the date the bill of sale should be void. *Ruffin, J.,* speaking for the Court, said: "A mortgage and a conditional sale are nearly allied to each other, and it is frequently difficult to say whether a particular transaction is the one or the other. The difference between them is that the former is a security for a debt and the latter is a purchase for a price paid, or to be paid, to become absolute on a particular event, or a purchase, accompanied by an agreement to resell upon particular terms. It is the latter kind that runs so nearly into a mort-

gage; for as needy and distressed men are those who are commonly drawn into such contracts, and the very anxiety to get their estates again, which produces a stipulation to that effect, denotes either that it was favorite property, which the party did not intend to part from conclusively, or that the price was so inadequate as to make it material, in point of interest, that they should have the power to reclaim. Courts lean towards considering them mortgages. But there is no rule of law that a sale shall not be made conditionally. In each case the only difficulty is to ascertain the character of the transaction. When it is once determined to be a mortgage, all the consequences of account, redemption, and the like, follow, notwithstanding any stipulation to the contrary; for the power of redemption is not lost by any hard conditions, nor shall it be fettered to any point of time not according to the course of the Court." Referring to the particular contract under consideration it is further said: "It is, however, susceptible of variation by the acts of the parties, and the circumstances attending the transaction, which show it to be the one or the other. I do not mean that it can be contradicted by the testimony of witnesses to show either that the bargain was different from that expressed or that it was meant to be, unless there be fraud. But I mean that the parties' acts and their dealings are material to show the intent."

*Gillis v. Martin,* 17 N. C., 470, is a case in which there was a deed absolute and a memorandum from the grantee whereby he stipulated that if the land was sold within two years he would refund to the bargainor the excess received over the purchase money and interest, together with the costs of repairs. *Ruffin, C. J.,* says: "The character of the conveyance is to be determined by the intention of the parties, and if that, however ascertained, was that it should operate as a security, the Court so regards it, and the debtor will be entitled to redeem." Parol evidence was permitted to show the intent and to establish the instruments as a mortgage. See also *Howlett v. Thompson,* 36 N. C., 369, in which it was held that evidence of the great disproportion between the value of the land and the sum paid for it is strong evidence that the deed was given as security merely. *Blackwell v. Overby,* 41 N. C., 38, is to like effect. *Mason v. Hearne,* 45 N. C., 88, involved a deed absolute and a memorandum from the grantee in which he bound himself to reconvey if the grantor repaid the purchase money by a day certain. It was held that the instruments disclosed an intent that they should operate as a mortgage. In *Steele v. Black,* 56 N. C., 427, there was a deed absolute and the grantee admitted that she had agreed to execute a bond to reconvey if the money was repaid. The syllabus, which correctly digests the case, is as follows: "The fact that the bargainor in an absolute deed remained in possession of the land con-

veyed for more than a year after the sale, using it as his own, is *dehors* the declarations of the defendant and is inconsistent with the idea of a purchase; and if, in addition, it be proved that the seller was hard pressed for money, that the money advanced was not more than half the value of the premises, and that the defendant agreed to execute a bond to reconvey and refused to do it, a sufficient case is made out to entitle the plaintiff to a reconveyance on the payment of the sum advanced with interest." It is said: "The pretext set up by the answer, that the plaintiff was willing to sell his land absolutely at half price to avoid the exposure of a public sale, after it had been levied on and advertised, is too flimsy to be entitled to notice." In *Robinson v. Willoughby,* 65 N. C., 520, it is held that to determine whether a transaction is a mortgage or a defeasible purchase, it will be regarded as the former, if at the time of the supposed sale the vendor is indebted to the vendee, and continues to be such, with a right to reconveyance upon the payment of such indebtedness.

In *Waters v. Crabtree,* 105 N. C., 394, it is held that a deed, absolute upon its face, may be treated as a mortgage, when it was agreed, at the time of its execution, that such would be its purpose. It was further held, however, that there was not sufficient evidence of the contemporaneous agreement.

*Watkins v. Williams,* 123 N. C., 170, involved a deed absolute and a contract to reconvey. There was evidence that the plaintiff solicited the defendant to take up a mortgage on land and hold it. The defendant objected to having the mortgage transferred to him, and suggested a deed to him. This was agreed to. The deed was executed and the defendant contemporaneously executed a contract to reconvey. Parol evidence was admitted to show the intent, and in discussing the case the Court said: "Since *Streator v. Jones,* 10 N. C., 423, two principles have been established and uniformly followed, when bills are preferred to convert a deed absolute on its face into a mortgage or security for debt: (1) It must appear that the clause of redemption was omitted through ignorance, mistake, fraud, or undue advantage; (2) The intention must be established, not by simple declaration of the parties, but by proof of facts and circumstances *dehors* the deed inconsistent with the idea of an absolute purchase; otherwise, the solemnity of deeds would always be exposed to the 'slippery memory of witnesses.' *Kelly v. Bryan,* 41 N. C., 283.

"The plaintiff makes no attempt to shelter himself under the first proposition, but he insists, and we think has shown that he is protected by the second proposition.

"Again, where, upon the face of a transaction it is doubtful whether the parties intended to make a mortgage or a conditional sale, courts

of equity are inclined to consider it a mortgage, because, by means of conditional sales, oppression is frequently exercised over the needy. *Poindexter v. McCannon,* 16 N. C., 377; 3 Pom. Eq. Jur., sec. 1195.

"The oral evidence not only sustains the writings, but shows the facts, understanding and circumstances, so fully that our conclusion seems to be irresistible."

The Court, in *Porter v. White,* 128 N. C., 42, cites *Watkins v. Williams, supra; Robinson v. Willoughby, supra,* and the above noted cases with approval. See also *Sandlin v. Kearney,* 154 N. C., 596. In *Perry v. Surety Company,* 190 N. C., 284, the foregoing and many other cases are cited with approval, and it holds that a deed absolute on its face, construed together with a contract to save the defendant harmless on account of any default of plaintiff for whom the defendant was surety, constituted a mortgage.

Thus, it appears that parol evidence is competent, not for the purpose of contradicting the deed, but to show the consideration of the deed and to establish the whole contract, and show that the agreement to reconvey is in fact a defeasance clause separate and apart from the deed. After all, the real question is: What was the consideration for the deed? This may be shown by parol, especially when it is not set out in the instrument, as here. If, in fact, it was a sum advanced as a loan to be repaid with interest and usury as contended by plaintiff, no principle of equity or good morals would permit the defendant now to insist upon the strict letter of the "bond" and claim the land free of any right of redemption.

The borrower is servant to the lender. Prov., 22-7. Creditors are sometimes diligent to discover means and methods to circumvent the safeguards the law provides to protect the debtor against oppression. Courts of equity, therefore, will carefully examine any transaction between debtor and creditor, where there is a possibility of oppression, to the end that justice may be done to him whose circumstances of need place him in a position to be imposed upon by an unscrupulous creditor. A Shylock can no longer demand his pound of flesh.

Pennsylvania courts hold that all such transactions are mortgages. Other courts hold that if the transaction originated in an application for a loan it presents such an opportunity for oppression that this fact alone will give the instruments the quality of a mortgage. We are content to hold that when it does not affirmatively appear on the face of the instruments that they were intended as security, and such fact cannot fairly be inferred therefrom, the actual intent of the parties at the time is the controlling criterion in determining the true nature and effect of the instruments; and that, in establishing this intent, the

debtor has the right to prove by evidence *dehors* the instruments that the transaction was in fact between debtor and creditor for the security of a loan.

If there was a debt, either antecedent or presently created, the instrument must be construed to constitute a mortgage, unless a contrary intent clearly appears upon the face of the instruments. If this fact does not appear, then the continued possession of the property by the grantor; the inadequacy of the consideration; that the negotiations originated out of an application for a loan; the circumstances surrounding the transaction; and the conduct of the parties before, at, and after the time of the execution of the instruments are some of the circumstances to be considered.

But the contention is here made that there is no reciprocal obligation resting on the grantors to redeem; that it is entirely optional with them as to whether they shall exercise the right to repurchase within the time stipulated; that it does not appear upon the face of the papers that there is any personal obligation on the part of the grantors to pay the amount of the alleged loan and interest. This is not essential. Evidence of the indebtedness is not required to be in writing. It may be proven by parol. Furthermore, such obligation would only enable the mortgagee to look to the mortgagor for any deficiency remaining after the application of the proceeds of sale of the premises to the payment of the sum secured. In the cases where the question has arisen whether the transaction was one of purchase or of security and the instruments disclosed a debt in the amount of the alleged purchase price and no other sum is paid it has been held that this fact determines conclusively the character of the transaction as a mortgage. *Horne v. Keteltas,* 46 N. Y., 605; *Hickos v. Lowe,* 10 Cal., 197; *Brant v. Robertson,* 16 Mo., 129. See also numerous authorities cited in notes on pages 392-394, L. R. A., 1916B.

There may be no independent evidence of the debt—no bond, bill, or note taken for its payment: It may rest wholly on implication from the nature, facts, and circumstances of the transaction; it is sufficient that its evidence is the fair, just implication. . . . Indeed, when the purpose of the creditor is to avoid the appearance of a mortgage (as here alleged), it is not to be expected that he would defeat it by the introduction of an express covenant for the payment of the money or any other independent security disclosing its existence. *Mobile Bldg. & Loan Assn. v. Robertson,* 65 Ala., 388.

Without regard to what is here said it was the duty of the court below to submit the cause to a jury. It was so determined on the former appeal. The law as there declared in this respect is the law of this case. It was then said by *Connor, J.,* speaking for the Court: "It

does not appear on the face of the pleadings in this action that the relation of creditor and debtors existed between the defendant and the plaintiffs at the date of the delivery of the deed executed by the plaintiffs, conveying the land described in the complaint to the defendant, and of the contract executed by the defendant by which she agreed, at the option of the plaintiffs, to reconvey to them the said land, upon their payment to her of certain sums of money, in accordance with the terms and provisions of said contract, nor does it so appear on the face of the deed and contract, which are by reference made a part of the pleadings, and which for the purposes of this action must be construed as if they were one instrument. The allegation to that effect in the complaint is denied in the answer. An issue of fact is thus raised on the pleadings for the jury."

The judgment below is

Reversed.

STACY, C. J., dissenting: The disposition about to be made of this case is not warranted by the record. Much of the law discussed is inapplicable.

In the first place, the question of nonsuit was not and could not have been presented on the former appeal as the plaintiffs were then appealing from a judgment rendered on a verdict, and a new trial was awarded for error in the charge. All that was there said about an issue of fact for the jury was addressed to the motion for judgment on the pleadings; and hence it cannot be the "law of the case" on the present appeal which is from a judgment of nonsuit. It is a far cry from allegation to proof.

Secondly, it is the law of the case that plaintiffs are not entitled to judgment on the pleadings, as this question was directly presented and decided. 212 N. C., 801.

It is not alleged, and cannot be as the fact is otherwise, that the relation of creditor and debtor existed between the parties at the time of the execution and delivery of the instruments here in question, and plaintiffs admitted upon the hearing, in open court, "that they are not seeking any relief on the grounds of fraud, mutual mistake, and are not seeking to reform the instruments mentioned in the pleadings upon the grounds of ignorance, mistake, fraud, or undue influence," or other like matter. (R., p. 20.) Any suggestion of oppression or overreaching was specifically disclaimed, and the plaintiffs were careful to refrain from any characterization. This narrowed the case to a question of law. See *Perry v. Surety Co.,* 190 N. C., 284, 129 S. E., 721; *Williamson v. Rabon,* 177 N. C., 302, 98 S. E., 830; *Ray v. Patterson,* 165 N. C., 512, 81 S. E., 773; *Porter v. White,* 128 N. C., 42, 38 S. E., 24; *Watkins*

*v. Williams,* 123 N. C., 170, 31 S. E., 388. The admission accords with the pleadings and is binding on the plaintiffs. *S. v. Lueders, ante,* 558.

There is neither allegation nor proof sufficient to invoke the principle often referred to in this jurisdiction as the "doctrine of *McLeod v. Bullard,*" 84 N. C., 515, approved on rehearing, 86 N. C., 210, upon which the case was argued, and apparently has been decided. *Harrelson v. Cox,* 207 N. C., 651, 178 S. E., 361; *Murphy v. Taylor, ante,* 393. The law imputes a wrong or legal fraud only to prevent some imposition. *Hinton v. West,* 207 N. C., 708, 178 S. E., 551; *S. c.,* 210 N. C., 712, 188 S. E., 410. Where all oppression is disclaimed, as here, there is no occasion for any imputation. The decision in *Robinson v. Willoughby,* 65 N. C., 520, is inapposite.

The parties were strangers. They voluntarily entered into the agreements and had them reduced to writing by eminent counsel who were familiar with our decisions. See Annotation L. R. A., 1916B, p. 101. The instruments are plain and unambiguous. *Potato Co. v. Jenette,* 172 N. C., 1, 89 S. E., 791. They speak for themselves. *Cole v. Fibre Co.,* 200 N. C., 484, 157 S. E., 857. The case presents only a question of law for the court. *Patton v. Lumber Co.,* 179 N. C., 103, 101 S. E., 613; *Mining Co. v. Smelting Co.,* 122 N. C., 542, 29 S. E., 940.

Speaking to the subject in *Young v. Jeffreys,* 20 N. C., 357, *Gaston, J.,* delivering the opinion of the Court, said: "The *effect* of a contract is a question of law. Where a contract is wholly in writing, and the intention of the framers is, by law, to be collected from the document itself, there the entire construction of the contract, that is, the ascertainment of the intention of the parties as well as the effect of that intention, is a pure question of law." And in *Festerman v. Parker,* 32 N. C., 477, *Nash, J.,* remarked that "if there be no dispute as to the terms, and *they* be precise and explicit, it is for the court to declare their effect." See *Spragins v. White,* 108 N. C., 449, 13 S. E., 171.

To abandon these principles on the facts of the present record would be, not only to impair the sanctity of contracts, but also to jar the practice of drafting legal instruments by counsel. *Cf., Smith v. Land Bank,* 212 N. C., 79, 192 S. E., 866. The plaintiffs concede that the transactions were *bona fide.* They suggest nothing else. It is certain they have proved nothing else. Both sides were represented by counsel, and what was done was done under the advice of counsel. Everything was open and aboveboard. There was nothing concealed, strange or hidden. The action is to recover on the instruments as written, notwithstanding the expiration of plaintiffs' option. The plaintiffs say, in law and in equity, they constitute a mortgage. The defendant says not. The allegation of the amended complaint is "that the two instruments

O'Briant *v.* Lee.

taken together constitute in law and equity a conveyance of said property as a security for the payment of a debt." The denial of this central allegation raises no issue of fact. It is either true or not true as a matter of law. What is there for a jury to determine? *Perry v. Surety Co., supra.* The case is unlike *Streator v. Jones,* 10 N. C., 423, and cases following, *e.g., Newbern v. Newbern,* 178 N. C., 3, 100 S. E., 77, where it was alleged that the writing did not contain the whole agreement. Here, both sides are predicating their case on the written word, yet the Court says its meaning is for the jury. This is new law in North Carolina.

If there be any imposition in the instant case, it has come from the plaintiffs and this costly litigation. At no time has the situation been of the defendant's seeking, and she is not now denying to the plaintiffs any right which they have. With disarming candor she comes into court and says: "Here is the memorial of our understanding and what we did. It contains the whole agreement. If it does not mean what it says, then let the court tell us what it means. But let there be no charge of mistake or fraud, for none has been committed. We were strangers, all *sui juris,* and acted upon the advice of counsel." Recognizing the soundness of this position and that the facts would support no other, the plaintiffs, in open court, accepted the gauge of battle as thus stated by the defendant, and there is no occasion for the Court to abdicate its functions. What was said in *Potato Co. v. Jenette, supra,* is very much in point.

Relying on the fairness of the contract, the sanctity of the written word and the stability of our decisions, the defendant has paid $7,000 for the property in question, plus $2,816.47 in back taxes, and after the expiration of plaintiffs' option, she executed a deed of trust on the property to secure a loan of $8,000. Evidently counsel who examined the title at the time of this loan thought it was good.

The plaintiffs did not elect to exercise their option within the year as they had a right to do. If they have lost anything by this neglect, it is attributable to their own default and not to the defendant's.

The case should be decided on the record, from which the majority opinion departs. My vote is for an affirmance, it having heretofore been determined that plaintiffs are not entitled to judgment on the pleadings.

Winborne, J., concurs in this dissent.