L. R. LEE AND WIFE, ALLIE C. LEE, ET AL. v. N. M. JOHNSON AS AN INDIVIDUAL, AND TRADING AS THE JOHNSON COTTON COMPANY, AND WIFE, BESSIE JOHNSON, T. H. SANSOM, TRUSTEE, AND E. A. TART AND WIFE, ALMETA TART.

(Filed 14 October, 1942.)

**Mortgages § 24: Limitation of Actions § 2e—**

Plaintiffs executed to defendant on 29 January, 1931, a deed in fee simple on its face but in fact a mortgage, and on 22 November, 1934, defendant conveyed the *locus in quo,* with warranty, to an innocent purchaser for value, and suit brought 11 January, 1940, *held* that plaintiffs' only remedy is action for damages for wrongful alienation, which is barred by the statute of limitations. C. S., 441.

APPEAL by plaintiffs from *Harris, J.,* at Raleigh, N. C., 5 August, 1942, as of a regular term of JOHNSTON. Affirmed.

On 29 January, 1931, plaintiffs executed and delivered to defendant Johnson a paper writing which was, on its face, a deed in fee simple,

6—222

STATE *v.* DOVE.

conveying the *locus in quo.* Under all the facts and circumstances surrounding the transaction it, in fact, constituted a mortgage to secure a debt. They surrendered possession to Johnson in the fall of 1931. On 22 November, 1934, Johnson conveyed said land by warranty deed to defendant E. A. Tart and said Tart entered into possession thereof. On 11 January, 1940, plaintiffs instituted this action for an accounting for rents and profits and to recover the realty described in the deed dated 29 January, 1931, which included a one-half acre tract not now involved in this action.

The cause was referred and the referee found that defendant Tart is an innocent purchaser for value without notice. To this finding plaintiffs do not except. He found also that Johnson is indebted to plaintiffs in the net sum of $1,100.89 and recommended judgment therefor. On appeal the court below, being of the opinion that plaintiffs' cause of action is barred by the three-year statute of limitations and by laches, entered judgment that plaintiffs recover nothing except as set forth in judgment rendered at the November Term, 1941. Plaintiffs excepted and appealed.

*Parker & Lee for plaintiffs, appellants.*
*I. R. Williams and Lyon & Lyon for defendants, appellees.*

PER CURIAM. The defendant Johnson, ostensible owner of a fee simple title, having conveyed the *locus in quo* to an innocent purchaser for value, plaintiffs' only remedy is by action for damages for the wrongful alienation and conversion of their land by the defendant Johnson. This action was instituted more than five years after the wrongful conversion. The ruling of the court below is sustained by *Davis v. Doggett,* 212 N. C., 589, 194 S. E., 288. See also *Ferguson v. Blanchard,* 220 N. C., 1, 16 S. E. (2d), 414, and *Massengill v. Oliver,* 221 N. C., 132.

The judgment below is
Affirmed.