POLLY WILLIAMS RICKS AND HUSBAND, MADD RICKS, v. J. M. BATCH-ELOR AND WIFE, IRENE BATCHELOR, AND W. D. INSCOE AND WIFE, MATTIE INSCOE, ORIGINAL PARTIES DEFENDANT (AND MRS. IRENE BATCHELOR, EXECUTRIX OF J. M. BATCHELOR, DECEASED, ADDITIONAL PARTY DEFENDANT).

(Filed 28 February, 1945.)

**1. Mortgages § 27—**

Where defendant, at plaintiff's request, paid off a mortgage on plaintiff's property to prevent a foreclosure, and then took from plaintiff a deed for the property, absolute on its face, giving plaintiff contemporaneously an option to repurchase within a time certain, the transaction does not constitute a mortgage.

**2. Deeds § 1d: Mortgages §§ 8, 9, 27—**

Whether any particular transaction amounts to a mortgage or an option to repurchase depends upon the real intention of the parties, as shown on the face of the writings, or by extrinsic evidence, and the distinction is whether the debt existing prior to the conveyance is still subsisting or has been satisfied by the conveyance. If the relation of debtor and creditor still continues, equity will regard the transaction as a mortgage.

**3. Mortgages § 8—**

The intention of the parties that a deed with option to repurchase shall constitute a mortgage must be established by evidence *dehors* the deed inconsistent with an absolute conveyance.

**4. Deeds §§ 4, 11—**

One who for value purchases the record title without notice, actual or constructive, of any equity or adverse claim therein is protected.

APPEAL by plaintiffs from *Rudisill, Special Judge,* at September Term, 1944, of NASH. No error.

This was an action to have a deed executed by plaintiffs to J. M. Batchelor declared a mortgage, and for an accounting.

It was alleged that J. M. Batchelor represented to the plaintiffs that the paper they signed was a mortgage to secure a debt they owed, but that in fact it was a deed purporting to convey the land in fee simple to Batchelor, and that Batchelor subsequently conveyed to defendant W. D. Inscoe, who took with notice of all the facts. Plaintiffs prayed that Inscoe be declared to hold as mortgagee subject to plaintiffs' right to redeem, and for an accounting. Pending the action J. M. Batchelor died and his executrix was made party defendant.

Defendants denied the paper referred to was ever intended as a mortgage, but that when the land was advertised to be sold under a mortgage given to one Bartholomew, Batchelor at the instance of plaintiffs paid off all liens and took deed for the land and at same time gave plaintiffs an option to repurchase within a certain time; that plaintiffs failed to exercise the option within the time limited and thereafter Batchelor conveyed the land to W. D. Inscoe, who purchased for full value and without notice of any equity or claim of plaintiffs.

Plaintiffs did not undertake to maintain this action on the ground of fraud or mistake (*Perry v. Surety Co.,* 190 N. C., 284, 129 S. E., 721), but upon the ground that the deed, together with the contemporaneous option to repurchase, under the circumstances, constituted in law and equity a mortgage—a security for a debt. The plaintiffs asked the court to so hold and declare and to charge the jury accordingly. The defendants, on the other hand, maintained the position that there was no evidence upon which to read into the transaction more than an absolute conveyance and an option to repurchase which was never exercised; and that in any event defendant Inscoe was a purchaser for value without notice.

The court charged the jury, if they found the facts to be as shown by all the evidence, to answer the issue in favor of the defendants. The jury returned verdict accordingly, and from judgment on the verdict the plaintiffs appealed.

*Leon T. Vaughan and O. B. Moss for plaintiffs.*
*L. L. Davenport and Yarborough & Bolmer for defendants.*

DEVIN, J. It was conceded on the argument here that in the trial below only a question of law was presented. There were no controverted issues of fact. Plaintiffs prayed for an adjudication by the court in their favor or for a directed verdict, and likewise the defendants on the same facts contended they were entitled to peremptory instructions to the jury in their favor. The trial court adopted the defendants' view and so charged the jury. The only assignments of error brought forward relate to this ruling.

Did the execution of a deed by the plaintiffs coupled with a contemporaneous option to repurchase, under the circumstances of this case, constitute a mortgage—a security for a subsisting debt—or were these instruments in law just what they purported to be, vesting an unclouded title upon plaintiffs' failure to exercise the option? In either case, was the defendant Inscoe an innocent purchaser for value?

Briefly stated in chronological order, the pertinent facts were these:

On 5 March, 1930, the plaintiffs executed mortgage on *feme* plaintiff's land (42 acres) to Bartholomew to secure a debt of $633, mortgage due 1 December, 1930.

On 24 February, 1931, nothing having been paid on the debt, Bartholomew advertised the land for sale on 28 March, 1931. On 26 March, 1931, at request of plaintiffs, J. M. Batchelor took up the Bartholomew mortgage, and on same day the plaintiffs executed deed to Batchelor for the consideration of $646, and on same day Batchelor in writing gave plaintiffs an option to repurchase the land at the price of $700. The agreement or option recited the conveyance had been made "with conditions" that upon payment of $700 on or before 1 December, 1932, Batchelor would make deed to plaintiffs. The option was not exercised. On 1 February, 1933, Batchelor instituted summary ejectment proceedings against plaintiffs (only the male plaintiff was served), and plaintiffs moved off the land and yielded possession to Batchelor. Batchelor remained in possession, paying all taxes, until he conveyed to defendant Inscoe, 8 October, 1934.

On 15 January, 1934, plaintiffs, in an effort to re-acquire or redeem the land, made application to the Columbia Land Bank for a loan. In aid of plaintiffs' effort, Batchelor signed a statement attached to the plaintiffs' application for the loan in which he referred to himself as holder of a mortgage on the land dated 5 March, 1930, and agreed to accept $850 in full settlement of the indebtedness. On this application was written by plaintiffs' then attorney a statement that Batchelor had purchased the land from plaintiffs, paid all liens, and given them privilege of redeeming and had agreed to cancel his lien upon payment of $850.

On 1 February, 1934, Batchelor gave plaintiffs in writing an option to purchase the land for $850, the option to expire 1 April, 1934. This option was not exercised. The loan was allowed by the bank for $850, but when the house on the land burned the loan was recalled. Thereafter, 8 October, 1934, Batchelor conveyed the land to defendant Inscoe for $850, the deed containing full covenants of seizin and warranty.

The deed from plaintiffs to Batchelor was duly recorded, but neither of the options was registered. This action was begun in 1942.

The principles of law governing transactions similar to those disclosed by the record in this case, wherein a debtor conveys land to a creditor by deed absolute in form and at same time receives an agreement for reconveyance upon payment of a sum certain before a specified date, were considered by this Court in the recent cases of *O'Briant v. Lee,* 212 N. C., 793, 195 S. E., 15; *S. c.,* 214 N. C., 723, 200 S. E., 865; and *Ferguson v. Blanchard,* 220 N. C., 1, 16 S. E. (2d), 414.

In the *Ferguson case, supra,* it was said: "It is true that when a debtor conveys land to a creditor by deed absolute in form and at the same time gives a note or otherwise obligates himself to pay the debt, and takes from the grantee an agreement to reconvey upon payment of the debt, the transaction is a mortgage. *Robinson v. Willoughby,* 65 N. C., 520. But if the agreement leaves it entirely optional with the debtor whether he will pay the debt and redeem the land or not, and does not bind him to do so, or continue his obligation to pay, the relationship of mortgagor and mortgagee may not be held to continue unless the parties have so intended. The distinction is pointed out in *O'Briant v. Lee,* 212 N. C., 793, 195 S. E., 15, where *Connor, J.,* speaking for the Court, quotes with approval from 41 C. J., 325, as follows: 'If it is a debt which the grantor is bound to pay, which the grantee might collect by proper proceedings, and for which the deed to the land is to stand as security, the transaction is a mortgage; but if it is entirely optional with the grantor to pay the money and receive a reconveyance, he has not the rights of a mortgagor, but only the privilege of repurchasing the property.'"

In Pomeroy's Equity Jurisprudence (sec. 1194) it is said: "Where land is conveyed by an absolute deed, and an instrument is given back as a part of the same transaction, not containing the condition ordinarily inserted in mortgages, but being an agreement that the grantee will reconvey the premises if the grantor shall pay a certain sum of money at or before a specified time, the two taken together may be what on their face they purport to be—a mere sale with a contract of repurchase, or they may constitute a mortgage."

Whether any particular transaction amounts to a mortgage or an option of repurchase depends upon the real intention of the parties, as shown on the face of the writings, or by extrinsic evidence, and the distinction is whether the debt existing prior to the conveyance is still subsisting or has been satisfied by the conveyance. If the relation of debtor and creditor still continues, equity will regard the transaction as a method of securing a debt—and hence a mortgage. Pomeroy's Equity Jurisprudence, sec. 1195.

But the intention of the parties that the deed with option to repurchase shall constitute a mortgage or security for a debt must be established by

proof of facts and circumstances *dehors* the deed inconsistent with an absolute conveyance.    *Watkins v. Williams,* 123 N. C., 170, 31 S. E., 388.

While there are inferences which might be drawn from the facts in evidence in the case at bar consistent with plaintiff's contention that Batchelor recognized the relationship of debtor and creditor as still subsisting between plaintiffs and himself, which, under *O'Briant v. Lee, supra,* might entitle them to go to the jury, we are advertent to the fact that both in their brief and oral argument plaintiffs have based their appeal on the ground that as a matter of law the instruments themselves and the uncontroverted facts in evidence in relation thereto constitute a mortgage and conclusively establish the relationship of mortgagor and mortgagee *as still subsisting.* If it be conceded that there is some evidence to sustain plaintiffs' position, we cannot concur in the view that the evidence is conclusive or that as a matter of law plaintiffs were entitled to an adjudication or peremptory instruction to the jury in their favor.

However, upon another ground we think the ruling below must be upheld. The evidence sustains the position of defendant Inscoe that he was a purchaser for value without notice, and, since plaintiffs are not suing for damages for wrongful alienation of their land (*Lee v. Johnson,* 222 N. C., 161, 22 S. E. [2d], 230; *Davis v. Doggett,* 212 N. C., 589, 194 S. E., 288), but to recover their rights in the land as mortgagors, and to redeem upon payment of the debt after an accounting, no error can be predicated upon the ruling of the trial court in giving the instruction complained of.

Upon this phase of the case it may be noted that after the expiration of the option in December, 1932, in consequence of the adversary action of Batchelor, the grantee in the deed, the plaintiffs yielded possession of the land to him, and that while Inscoe at the time he took his deed from Batchelor knew plaintiffs had executed a mortgage on the land to Bartholomew and that Batchelor had paid off this mortgage and taken deed from plaintiffs, there is no evidence that he had any knowledge of the options or of any statement by Batchelor of facts from which the inference could be drawn that the relationship of mortgagor and mortgagee still subsisted, or that plaintiffs had or claimed any interest in the land. That Inscoe paid fair and reasonable value for the land in its condition at that time is not controverted. One who for value purchases the record title without notice, actual or constructive, of any equity or adverse claim therein is protected. This just principle is based on reason, fortified by statutes, and upheld by the courts. G. S., 47-18; G. S., 39-19; *Spence v. Pottery Co.,* 185 N. C., 218, 117 S. E., 32; *Dorman v. Goodman,* 213 N. C., 406 (412), 196 S. E., 352.

The result below will be upheld.

No error.