JAMES PEARCE AND WIFE, ISABELLE T. PEARCE v. O. CALLOWAY HEWITT AND RACHEL HEWITT, HIS GUARDIAN, AND RACHEL HEWITT, INDIVIDUALLY.

(Filed 4 March 1964.)

1. Registration § 5—

Purchasers by warranty deed from the grantee in a registered instrument take free of such grantee's prior executed but subsequently registered agreement tending to constitute the deed a mortgage instead of an absolute conveyance.

2. Mortgages § 1—

Evidence *held* insufficient to show that a warranty deed and an agreement giving the grantors twenty years within which to redeem the property were intended by the parties to be a mortgage.

**3. Appeal and Error § 34—**
     The pages of the record in an appeal *in forma pauperis* must be numbered.

APPEAL by plaintiffs from *Hubbard, J.,* November Session 1963 of ONSLOW.

This action was instituted by the plaintiffs on 6 October 1959 and summons was served on defendant O. Calloway Hewitt (hereinafter referred to as O. C. Hewitt) on 7 October 1959 and on defendant Rachel Hewitt on 9 October 1959, for the purpose of having that certain warranty deed executed by Hosea W. Pearce and wife, Annie Pearce, to O. C. Hewitt, dated 27 December 1928, and recorded in the office of the Register of Deeds in Onslow County in book 156, page 132, declared a mortgage.

Thereafter, by warranty deed dated 21 April 1941, O. C. Hewitt conveyed the lands described in the above deed to his sister R. E. (Rachel) Hewitt, defendant herein, for a consideration of $250.00. O. C. Hewitt was dead at the time of the trial below leaving Rachel Hewitt as the sole defendant.

The warranty deed from O. C. Hewitt to R. E. (Rachel) Hewitt, the defendant herein, was duly recorded in the office of the Register of Deeds in Onslow County in book 192, page 464, 6 March 1943.

An undated agreement, allegedly entered into 21 November 1932 by and between Hosea W. Pearce and O. C. Hewitt, purports to give Pearce 20 years to redeem the property Pearce and wife had deeded to Hewitt, otherwise Hewitt was to make additional payments to Pearce and account to him for rents, et cetera. This agreement was not filed for record until 21 July 1955.

In the meantime, Hosea W. Pearce and wife, Annie Pearce, executed what purported to be a warranty deed, subject to the life estate of the grantors, conveying to James William Pearce and wife, Isabelle T. Pearce, the plaintiffs herein, the lands they had theretofore conveyed to O. C. Hewitt on 27 December 1928. This instrument was recorded in the office of the Register of Deeds in Onslow County on 15 July 1955, in Book of Deeds 256, at page 285.

At the close of plaintiffs' evidence the defendant moved for judgment as of nonsuit. The motion was allowed. The plaintiffs appeal, assigning error.

*Earl Whitted, Jr. and Samuel Smith Mitchell attorneys for plaintiff appellants.*
*Venters & Dotson attorneys for defendant appellee.*

PER CURIAM. A review of the evidence adduced in the trial below, including the documentary evidence, leads us to the conclusion that the

plaintiffs did not make out a valid claim to the premises involved, and now owned by the defendant Rachel Hewitt, or any interest therein, *Ricks v. Batchelor,* 225 N.C. 8, 33 S.E. 2d 68; *Glass v. Shoe Co.,* 212 N.C. 70, 192 S.E. 899; *Waters v. Crabtree,* 105 N.C. 394, 11 S.E. 240; G.S. 47-18; neither was the evidence sufficient to establish the fact that the parties intended the warranty deed executed on 27 December 1928 to be a mortgage.

We call attention to the fact that this appeal in *forma pauperis* does not comply with Rule 19 of the Rules of Practice in the Supreme Court, 254 N.C. 783, *et seq.* This Rule requires that the pages of the record on appeal shall be numbered. This was not done, requiring us to search through the record to find the pertinent evidence, documents and orders involved. Such carelessness is inexcusable. See *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126.

The ruling of the court below from which the appeal was taken will be upheld.

Affirmed.