Nash, C. J.
By the English courts of equity, and by those of this country, the statute requiring all contracts for the sale of lands, or any interest therein, to be in writing and signed by the party to be charged therewith, is held to be one for the suppression of frauds and perjuries. The former courts have put such a construction upon this statute, as, in their judgment, best carries out the intention of the legislature. Thus they have decided that a substantial part performance of a parol contract, will take a case out of the statute, as where the purchaser has been put into possession of the bargained prd-mises ; upon the ground that it would be a fraud in the party refusing to execute it under such circumstances. Our courts have refused to follow the example of the English courts in this particular. The first case under our statute, was that of Ellis v. Ellis 1 Dev. Eq. 180, where it was decided that our statute ought to receive the same construction with the English statute. This case wras, however, reviewed very soon thereafter, and the decree reversed, 1 Dev. &Bat. Eq. 341. The doctrine upon this point, has ever since been considered as settled, in this Slate: that where to a bill for the specific performance of a parol contract, the defendant denies the contract as alleged, and relies on the statute no parol evidence can. bo received even upon the ground of part performance. This case presents another question, which though not an open one now in England is so here, whether a defendant who admits a parol contract in his answer can protect himself against its execution by pleading the statute. At one time ■it was held that if a bill for the specific performance of a contract, stated the agreement generally, without speciiying *280 whether it was in writing or not, as, that general statement May be understood of an agreement in writing, a plea in the nature of an answer would be admitted — Morrison v. Towne, 18 Ves. Jr. 182 ; Whitechurch v. Bevis 2 Bro. eh. Rep. 566 Story Eq. pl. s. 762.
But, if the bill stated the agreement to be in writing, and seeks only the execution of the contract a plea that there is no such agreement in writing will not be received without an answer. Same cases. It is now, however, settled in England that this plea extends as well to the discovery as to the performance of the parol agreement and that a defendant may while he admits or confesses the parol contract, protect himself under the act from its performance by pleading the statute. Whitchurch v. Bevis ubi supra, Cooper’s Eq. PL 256. Lord Redesdale’s opinion in Mitford Eq. Pl. 266 8, where the doctrine is examined, Story’s Eq. Pl. s. 766, and in note. The doctrine is thus summed up as follows: “ At length it seems to have been decided that although a parol agreement be confessed by the defendant’s answer, yet if he insists upon the protection -of the statute, no decree can be made merely on the ground of that confession.” Our courts having discarded the construction of the English courts as to part performance the principle as above stated is freed from the closing condition, and in analogy with the previous- decisions we have no hesitation in saying, that a defendant may in his answer admit the parol contract without depriving himself of the protection of the statute by his plea or answer, and that the court can not, under such a state of things, decree a specific performance.
Here the bill states that the contract was by parol, and the defendant admitting it claims the benefit of the statute ; the bill must be dismissed with costs.
Decree accordingly.