MATTHEW VICK *et al.* v. FREEMAN VICK and GIDEON D. VICK.

(Decided March 13, 1900.)

*Partition—Tenants in Common—Equitable Interest in Land —Parol Agreement—Statute of Frauds—Estoppel— Parent and Child—Heirs.*

1. While children, the mother being still alive, have no estate in her land, and can not convey the same by deed, yet they have an expectancy in the land, that they could sell and bind themselves to convey, at their mother's death, if made in writing, so as to avoid the statue of frauds.

2. If two of the children purchase and take a deed from the other children for the latters' interest in their deceased father's land, upon the consideration that they will claim no interest in their mother's land at her death, and this by a parol agreement, equity will not allow them to hold both.

3. While at the death of the mother, the children all become her heirs, and are tenants in common of her land, the two purchasers will have an incumbrance on their shares in favor of the other children to the value of their interest in their father's land, at the time of conveyance.

4. If not otherwise adjusted, the Court in a proceeding for partition will decree a sale, and charge the shares in the proceeds of sale of the two purchasing children with the incumbrance accordingly, when ascertained; and the pleadings may be conformed to this ruling by either side.

5. No estoppel upon the defendants is involved in the case; neither by record, nor by deed, nor *in pais*, as a breach of promise *to do a thing* is no estoppel.

SPECIAL PROCEEDING for partition of land, transferred from the Clerk to the civil issue docket, and heard before *Moore, J.,* at Spring Term, 1899, of NASH Superior Court.

The land sought to be divided was 140 acres owned by Mrs. Gilley Vick, mother of plaintiffs and defendants, at her death.

The plaintiffs claimed that they were entitled to the entire interest to the exclusion of the two defendants, for the reason, that after their father's .death, they had by deed conveyed to the defendants all their interest in their father's land upon their verbal promise to relinquish all interest in their mother's land at her death, which they now refused to do.

The defendants claimed that as heirs-at-law of their mother, who had died intestate, they were entitled to share with the plaintiffs in the partition of her land, and to have one-sixth each.

The plaintiffs introduced evidence tending to support their contention. The defendants introduced none, but moved to nonsuit the plaintiffs as upon demurrer, relying upon the statute of frauds. His Honor refused to nonsuit. Defendants excepted.

In the course of his charge the Court instructed the jury that the statute of frauds was not applicable to the case, and that if the plaintiffs had satisfied them by the greater weight of evidence that their contention was true, then the defendants were estopped from asserting any claim as heirs-at-law of Gilley Vick to the land in controversy. Defendants excepted.

A single issue was submitted to the jury :

"Are the defendants, G. D. Vick and Freeman Vick, tenants in common with the plaintiffs of the 140-acre tract of land?"

To which the jury responded, "No."

Judgment in favor of plaintiffs. Appeal by defendants.

*Mr. F. S. Spruill,* for appellant.

*Messrs. C. M. Cooke & Son,* and *J. B. Batchelor,* for appellee.

FURCHES, J. The plaintiffs and defendants are the children and heirs-at-law of Gilley Vick, who died intestate, seized of the land in controversy. But the plaintiffs claim that they alone are the equitable owners of the land, and bring this proceeding for partition of the same. They allege that, while the defendants are children and heirs-at-law of their mother, they are not entitled to any part of this land. They allege that their father, R. Vick, was the owner of a tract of land containing about sixty acres, worth five or six hundred dollars, and their mother, Gilley Vick, was the owner of another tract of about one hundred and forty acres; that after the death of their father and before the death of their mother, the plaintiffs sold their undivided interest in the 66-acre tract, inherited from their father, to the defendants for, and in consideration of, the defendants' interest in their expectancy in their mother's land; that in pursuance of this contract the plaintiffs made and executed to the defendants their joint deed conveying to the defendants their interest in the 66-acre tract; but, through inadvertence, or from the fact that they had entire confidence in the good faith and honest purpose of the defendants not to claim any interest in the land owned by their mother, they did not require defendants to make any deed or to give them a written contract to do so, and none was ever made. But defendants entered upon the 66-acre tract soon after the date of the deed from plaintiffs, which has been more than twenty years ago. And their mother, the said Gilley Vick, remained in possession of her land until her death, and the plaintiffs have been, and remained, in possession thereof since her death.

The evidence introduced by the plaintiffs seemed to sustain their contention, and the facts as stated above, and the defendants offered no evidence.

The only issue submitted by the Court was as follows: "Are defendants, G. D. Vick and Freeman Vick, tenants in common with the plaintiffs of the 140-acre tract of land ?"

There were other issues tendered by the plaintiffs but not submitted by the Court. Had these issues been submitted, a finding upon them might have enabled us to dispose of the case upon this appeal. But from the view we take of it, we will not be able to do so, and the case will have to go back for a new trial.

The 66-acre tract having belonged to the father, became the land of plaintiffs and defendants by descent, upon his dying intestate, and plaintiffs had the right to sell and convey the same. But the mother still being alive, her children had no estate in her land, and could not convey the same by deed. But they had an expectancy in the land that they could sell and bind themselves to convey, at their mother's death, if made in writing, so as to avoid the statute of frauds. *Mastin v. Marlow,* 65 N. C., 695; *McDonald v. McDonald,* 58 N. C., 211. So, if the contract stated by plaintiffs, and which seems to be sustained by the evidence, had been reduced to writing and signed by defendants, it might have been enforced. But as this was not done it can not be enforced, as it is denied, and the statute of frauds is relied on. *North v. Bunn,* 122 N. C., 766. Still, the defendants had an interest—an expectancy—that they could sell, and which it appears they did sell to the plaintiffs. It is true that this contract can not be enforced, as it was for an interest in land, and is not in writing. But by means of this contract and agreement on the part of defendants to convey their interest in the land of their mother, they induced the plaintiffs to convey to them their interest in the 66-acre tract, which the plaintiffs had inherited from their father, in consideration that defendants would

convey to them their interest in their mother's land. The defendants still have this land, or the proceeds thereof, having, as it appears, sold it many years ago, and equity will not allow them to hold both—the 66-acre tract conveyed to them by plaintiffs, and the land they contracted to convey to the plaintiffs upon the death of their mother. *Vann v. Newsome,* 110 N. C., 122.

While the defendants are still tenants in common with the plaintiff of the 140-acre tract now in litigation, and while the plaintiffs can not compel them to convey it to them, equity will not allow them to oust the plaintiffs of their possession until they pay the plaintiffs the value of plaintiffs' interest in the 66-acre tract, conveyed to them, at. the time plaintiffs conveyed. *Vann v. Newsome, supra; Pass v. Brooks,* 125 N. C., 129; *Griffin v. Albea,* 22 N. C., 9.

The question of interest on the purchase money, or price of the 66-acre tract, is not involved, as it must have been taken into consideration at the time the trade was made with defendants that plaintiffs could not get possession of the 140-acre tract until the death of their mother. And it seems that they have been in possession since, or are entitled to receive the rents and profits since the death of their mother, unless the defendants make good to them the price of the 66-acre tract; and then, they would only be entitled to four-sixths of the rent since their mother's death.

The defendants are tenants in common with plaintiffs of the 140-acre tract, but with an incumbrance on their shares in favor of plaintiffs to the value of plaintiffs' interest in the 66-acre tract, at the time plaintiffs conveyed to them.

This being so, the defendants, if so advised, may have the pleadings amended by a consent of the parties or by leave of the Court, so as to present the facts necessary to find what

was the value of plaintiffs' interest in the 66-acre tract, at the time of the sale to the defendants, and to order a sale for partition.    And that defendants' interest be charged with the amount of the value of plaintiffs' interest in the 66-acre tract in favor of plaintiff, and that defendants should only have the residue of their two shares after paying off and satisfying said incumbrance.    But if defendants will do neither—will not make good the value of plaintiffs' interest in the 66-acre tract, nor take the proper steps to have the same ascertained; and for a sale and application of a sufficient amount, out of their two-sixths interest, to pay plaintiffs for their interest in the 66-acre tract, then the plaintiffs may ask such relief, that is, to have the value of their interest in the 66-acre tract found, at the time of the sale to defendants; and to have a sale for partition, with a decree that a sufficient amount of defendants' two-sixths shall first be applied to pay such charge.

We do not think the defendants' exceptions to evidence can be sustained.

The 140 acres in controversy, though not the land owned by the mother at the time of the sale, seems to be land taken in exchange for that tract, and falls within the equity of the case.    In fact, the learned counsel who argued the case in this Court did not seem to lay stress upon that fact.

There was error in the Court's holding that the defendants were estopped, as we know of no rule of estoppel that authorizes this ruling; there was no record to estop the defendants; there was no deed to estop them, as they had made no deed; and there was no estoppel *in pais,* or equitable estoppel as it is sometimes called, as a breach of promise *to do a thing* is no estoppel.    For this error and others not specially pointed out in the opinion, there must be a

New trial.