The individual plaintiffs, approximately seventeen in number, and the Charlotte Consolidated Construction Company instituted this action against the defendants on 9 June, 1931. The defendants, at the time the suit was instituted, were the owners of lot No. 4, Block 37, as shown on the map referred to in the pleadings. Pending the litigation the defendant, McPheeters, sold his interest in said lot to the defendant, Crosland, who is now the sole owner thereof. The plaintiffs allege that the Charlotte Consolidated Construction Company owned a certain tract of land and developed the same into a high-class suburban residential section known as Dilworth, and that said land was developed by said original owners "as an integral whole and as a subdivision of Dilworth pursuant to a general plan and scheme as herein fully set out. *Page 36 
That the development of said subdivision of Dilworth, all of which was done pursuant to the general plan and scheme . . . was begun about the year 1914. . . . That in the sale and development of the lots contained in said subdivision the Charlotte Consolidated Construction Company and its grantees followed and enforced a general scheme and plan of development whereby the lots in said development were restricted to residential purposes." It is further alleged that within the area set aside for high-class residential purposes "four tracts were permitted to be used for purposes other than residential purposes, but were restricted to the purposes hereinafter set out, which the plaintiffs allege did not constitute a deviation from said general plan and scheme, but were a part thereof and in harmony therewith." These four exceptions referred to were: (a) Shrine Temple; (b) Scottish Rite Temple; (c) Woman's Club; (d) Church Building. The plaintiffs other than the Construction Company allege that they are lot owners in said subdivision, and that the deeds contained restrictions limiting the use of the lots to residential purposes with certain minor exceptions. It is further alleged that at the institution of suit the defendants were threatening to erect a filling station, stores and other buildings for business and commercial purposes on said lot No. 4, and that the erection of such structures would constitute a violation of the restrictions contained in the deeds. Pending the litigation it appears that the defendants had completed structures upon said lot No. 4 to be used for store buildings and other commercial enterprises, whereupon the plaintiffs pray for a mandatory injunction compelling the defendants to remove said structures from said property.
The defendants filed an answer alleging in substance that there had been substantial, radical and fundamental changes in the character of the property, and that such changes had rendered the restrictions unenforceable. The defendants further allege that the Charlotte Consolidated Construction Company had retained the right to change the restrictions in any of the lots in the subdivision, and that this reserve power rendered the restrictions unenforceable. The defendants further alleged that the case of Higgins v. Hough, 195 N.C. 652, had expressly decided that the restrictions on lot No. 4 were unenforceable by virtue of such substantial and fundamental changes as to render the enforcement of the restrictions inequitable.
The plaintiff, however, in its reply to the answer, alleged that the parties to this action are different from those involved in Higgins v.Hough, and that the facts in the present action are essentially different from the facts appearing in said decision.
At the hearing the record discloses the following proceedings: "Defendants demur ore tenus to the complaint on the ground that the *Page 37 
facts therein alleged are not sufficient to constitute a cause of action as to all plaintiffs except the Charlotte Consolidated Construction Company. Overruled. Defendants except. The defendants further demur ore tenus to the complaint as to the cause of action set up in the complaint of plaintiff, Charlotte Consolidated Construction Company, for that it does not state facts sufficient to constitute a cause of action. Overruled. Defendants except. Defendants demur ore tenus to the complaint for that the complaint does not allege facts sufficient to constitute a cause of action against the defendants. The demurrer is overruled, and the defendants except and appeal to the Supreme Court."
The appeal comes to this Court upon a demurrer ore tenus. The grounds for demurrer are not specified as required by C. S., 512. The reason for requiring such demurrers to specify the legal grounds upon which they are based was discussed and applied in Seawell v. Cole, 194 N.C. 546; Enloev. Ragle, 195 N.C. 38; Scales v. Trust Co., 195 N.C. 772.
Affirmed.