WILLIAM McKINLEY v. WADDELL HINNANT, J. KENNETH LEE and WIFE, NANCY Y. LEE.

(Filed 25 May, 1955.)

**1. Pleadings § 19c—**

If the complaint in any portion, or to any extent, presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading cannot be overthrown by demurrer for failure to state a cause of action.

**2. Pleadings § 15—**

A demurrer admits the truth of the allegations of fact contained in the complaint, but does not admit conclusions or inferences of law.

**3. Mortgages § 2c—**

Whether a deed and option to repurchase constitute a mortgage is to be determined in accordance with the intention of the parties which must be established by evidence *dehors* the instruments on the basis of whether, from a consideration of the entire transaction, the deed was given to secure a debt existing at the inception of the transaction, in which instance equity will declare it a mortgage notwithstanding its form.

**4. Same—**

In determining whether a deed and option to repurchase constitute a mortgage, the fact that the value of the property is much greater than the consideration for the deed is a factor tending to show that the instrument was intended to operate as a mortgage.

**5. Same—**

Doubt as to whether a deed and option to repurchase were executed solely as security for a debt will be resolved by equity in favor of declaring the transaction a mortgage.

**6. Same—**

Allegations to the effect that the mortgagee sought to borrow money, and that the mortgagor procured a loan to the mortgagee by a third person upon the mortgagee's transfer of the note secured by the mortgage to such third person by deed of bargain and sale with option to the mortgagee to repurchase the note upon payment of the amount borrowed plus an increment, *is held* sufficient to allege a cause of action to have the sale of the note with option to repurchase declared in equity a mortgage, in which event it is subject to all the incidents and qualities of a mortgage and is not defeated, as an option would be, by failure to make payment strictly in accordance with its terms.

**7. Same—**

The equitable principle upon which a deed and option to repurchase will be declared a mortgage applies to the sale of a note secured by a deed of trust with option to repurchase the note upon the repayment of the amount borrowed, plus an increment.

**8. Frauds, Statute of, § 3—**

The defense of the Statute of Frauds cannot be raised by demurrer.

**9. Frauds, Statute of, § 4—**

In proper cases, an estoppel based upon grounds of fraud may override the Statute of Frauds.

**10. Pleadings § 17—**

A demurrer *ore tenus* for failure of the complaint to state a cause of action of any kind against one of defendants, without specifying the grounds of objection, will be disregarded. G.S. 1-128.

**11. Mortgages § 2f—**

Plaintiff alleged that in the sale of certain property to husband and wife the purchasers executed a deed of trust on other property as security, and agreed to execute a deed of trust on the property conveyed after they had obtained a first mortgage loan thereon. *Held:* A demurrer by the wife on the ground that no cause of action was stated against her is properly overruled, there being no plea of the Statute of Frauds nor demurrer by the husband on the ground that the complaint fails to state a cause of action against him.

**12. Pleadings § 17—**

A written demurrer on the ground that other persons should have been made parties defendant, without specifying what other persons should have been joined and on what grounds, is defective and may be disregarded. G.S. 1-128.

**13. Pleadings § 20½ —**

Upon demurrer on the ground of misjoinder of causes, as distinguished from a demurrer for misjoinder of parties and causes, the court properly refuses to dismiss the action, but should sever the causes improperly joined for separate trials. G.S. 1-132.

**14. Pleadings § 2—**

There is material difference between the consolidation of cases for convenience in trial and the joinder of several causes of action in the complaint, and ordinarily only those causes may be joined which affect all the parties to the action. G.S. 1-123.

**15. Pleadings § 19b—Demurrer for misjoinder of causes should have been sustained, and the actions divided for separate trials.**

Plaintiff sold certain realty to husband and wife, taking a deed of trust on other property as security. Plaintiff thereafter borrowed money and transferred the note to the lender and took an option to repurchase the note upon payment of the amount loaned, plus an increment. Plaintiff alleged that the husband and wife agreed to execute to him at a later date a mortgage on the property conveyed and failed to do so, and alleged a cause of action to have the transfer of the note and option to repurchase declared a mortgage, and alleged the unlawful and fraudulent cancellation of the deed of trust given him by the husband and wife on the other property. *Held:* The cause of action to have the transaction declared a mort-

gage and the cause of action for fraudulent and unlawful cancellation of the deed of trust were improperly joined with the cause of action for breach by the husband and wife of their agreement to execute a mortgage on the property conveyed, since the purchaser of the note secured by the deed of trust was not affected by that cause of action, and upon demurrer for misjoinder of causes, the trial court should have divided the causes of action for separate trials.

**16. Mortgages § 29—**

In an action to set aside the cancellation of a deed of trust the trustee is at least a proper party and should be made a party defendant.

APPEAL by defendants from *Gwyn, J.,* November Term 1954 of GUILFORD (Greensboro Division).

Civil action heard upon a written demurrer that several causes of action have been improperly united and that there is a defect of parties defendant, and upon a demurrer *ore tenus* that the complaint does not state facts sufficient to constitute a cause of action. Both demurrers were overruled, and the defendants excepted, and appealed.

*Alexander & Parks for Plaintiff, Appellee.*
*J. Kenneth Lee for Defendants, Appellants.*

PARKER, J.   This is a summary of the material allegations of the complaint:

*One.* On 15 July 1952, plaintiff executed and delivered to the defendants J. Kenneth Lee and wife, Nancy Y. Lee, a deed to a tract of land situated on East Market Street in the City of Greensboro. The deed contains a specific description of the land, and is properly recorded. The purchase price of said land was $3,350.00 to be paid as follows: $500.00 cash, $900.00 in land, which the defendants Lee were to convey to plaintiff, and $1,950.00 payable in $50.00 monthly installments with interest—said balance to be evidenced by a note in such amount secured by a deed of trust, subject to a prior deed of trust, on a dwelling house of the defendants Lee on Lindsay Street in Greensboro, and by a deed of trust on the said East Market Street property, as soon as the Lees could obtain a first mortgage loan on the property for construction thereon of a building.

*Two.* Pursuant to the agreement the Lees paid plaintiff $173.44 in cash and assumed obligations of plaintiff in the amount of $326.66, conveyed to him $900.00 worth of land, executed and delivered to him their promissory note in the sum of $1,950.00 payable in monthly installments of $50.00 beginning on 15 August 1952, and secured their note by a deed of trust properly recorded on their house on Lindsay Street.

*Three.* The Lees have defaulted in the payment of monthly installments on their note, and owe upon it more than $1,400.00 principal with interest. Further, the Lees have refused plaintiff's demand that they execute and deliver to plaintiff a mortgage on the East Market Street land he conveyed them.

*Four.* Plaintiff made frequent demands upon the Lees for payment of their note, and threatened to foreclose the deed of trust on their house on Lindsay Street. That the defendant J. Kenneth Lee, with knowledge of plaintiff's financial condition, told him if he needed money he would arrange a loan for him. On or about 1 June 1953 plaintiff went to the office of the defendant J. Kenneth Lee, who is a practicing lawyer, to obtain a $100.00 loan. J. Kenneth Lee filled in a cheque for $110.00 over the signature of the defendant Waddell Hinnant, and delivered it to plaintiff. Plaintiff promised to repay the loan in 30 days. About 20 June 1953 plaintiff returned to Lee's office to secure a loan of $200.00. Lee informed plaintiff he would have to give security for that amount because he owed money. Lee called the defendant Hinnant to his office. Lee suggested that plaintiff put up as security the unpaid note of his wife and himself secured by a deed of trust on the house on Lindsay Street. Plaintiff agreed to put up the note and deed of trust with the understanding that the $110.00 loan and the proposed $200.00 loan were combined, with a right of renewal of the note. Lee drew up and the plaintiff executed a deed of bargain and sale conveying to the defendant Hinnant the note of Lee and his wife to plaintiff and the deed of trust securing the same. Lee also at the same time and place drew up and the defendant Hinnant executed the following option:

"I hereby agree to sell and convey to William McKinley all my right, title and interest in and to that certain note and deed of trust bearing date of July 15, 1952, and recorded in book 1477, at page 52, in the office of the Register of Deeds of Guilford County, upon the following terms and conditions:

"That if the said option be exercised on or before the 20th day of July 1953, I hereby agree to sell the same for the sum of $325.00

"That if the said option be exercised on or before the 20th day of August 1953, I hereby agree to sell the same for the sum of $355.00.

"That if the said option be exercised on or before the 20th day of September 1953, I hereby agree to sell the same for the sum of $385.00.

"This option shall be binding upon the aforesaid conditions for a period of ninety days."

*Five.* It was understood and agreed that the deed and option drawn up by Lee in his office and executed by plaintiff and Hinnant should constitute in law and equity a mortgage of the note and the deed of

trust securing it to secure plaintiff's indebtedness of $110.00 and $200.00. Pursuant to that understanding plaintiff delivered the deed, note and deed of trust to Lee and Hinnant.

*Six.* At the time plaintiff borrowed the $310.00 there was due on the note of the Lees to him about $1,400.00. Plaintiff made repeated efforts to pay back the $310.00 with interest and redeem the Lee note and the deed of trust securing it, but without success. Plaintiff is ready, able and willing to pay back the $310.00 with interest and redeem the note and deed of trust, but J. Kenneth Lee and Hinnant will not agree to it.

*Seven.* The defendants J. Kenneth Lee and Hinnant on or about 25 September 1953 deliberately, unlawfully, wilfully, fraudulently and in utter disregard of plaintiff's rights caused the deed of trust on the Lee's house on Lindsay Street, which was the rightful property of plaintiff, to be cancelled of record, when they knew there was still due and owing to plaintiff a balance on the note secured by the deed of trust greatly in excess of the amount for which plaintiff had pledged the note and deed of trust. That Lee and his wife refused to pay plaintiff any amount on their note and to give him a deed of trust on the property he sold them on East Market Street.

*Eight.* That the Lees paid no monetary consideration to Hinnant to cancel their deed of trust. That J. Kenneth Lee and Hinnant have sold a part of the East Market Street property, and have agreed to sell the remainder, and after paying $310.00 to Hinnant, to divide the sale price between them.

*Nine.* That the equity owned by Lee and his wife in the Lindsay Street house is too small to pay their note, and that unless a purchase money mortgage is declared upon the East Market Street property, plaintiff will be deprived of his equity therein.

*Ten.* Plaintiff has no adequate remedy at law.

*Eleven.* Plaintiff has suffered actual damages in the amount of $1,000.00, and is entitled to recover punitive damages of $2,000.00.

WHEREFORE, plaintiff prays:

*First.* That the deed from him to Hinnant and the option from Hinnant to him be adjudged a mortgage to secure a loan of money, for an accounting and that he be permitted to pay the mortgage.

*Second.* That the cancellation of the deed of trust be declared void, and the deed of trust be declared a valid lien upon the property therein described.

*Third.* That a purchase money mortgage be declared on the East Market Street property.

*Fourth.* That plaintiff recover $1,000.00 actual damages, $2,000.00 punitive damages and the costs.

MCKINLEY v. HINNANT.

At the time of commencement of this action plaintiff filed a Notice of *Lis Pendens* on the East Market Street property and the house on Lindsay Street.

The rule is well settled with us that if the complaint in any portion of it, or to any extent, presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading cannot be overthrown by a demurrer *ore tenus* for failure to state a cause of action. *Batchelor v. Mitchell,* 238 N.C. 351, 78 S.E. 2d 240; *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471; *Hoke v. Glenn,* 167 N.C. 594, 83 S.E. 807. It is said in *Brewer v. Wynne,* 154 N.C. 467, 70 S.E. 947: ". . . a complaint cannot be overthrown by a demurrer, unless it be wholly insufficient."

Numerous cases in this State hold that a demurrer admits the truth of the allegations of fact contained in a complaint, but does not admit conclusions or inferences of law. *Daniels v. Yelverton,* 239 N.C. 54, 79 S.E. 2d 311; *Alford v. Washington,* 238 N.C. 694, 78 S.E. 2d 915; *Ferrell v. Worthington,* 226 N.C. 609, 39 S.E. 2d 812; *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761.

The written demurrer and the demurrer *ore tenus* were filed in behalf of all the defendants by their counsel, J. Kenneth Lee, who is a defendant. In support of their demurrer *ore tenus* the defendants make two contentions: one, no cause of action of any kind is alleged against the defendant Nancy Y. Lee, and two, the complaint fails to allege sufficient facts to have an absolute conveyance of the Lee note and the deed of trust securing same declared a mortgage.

We may as well state at the beginning that the plaintiff, according to the allegations of his complaint, is not seeking to correct or reform his deed to Hinnant. The allegations in respect to this deed and Hinnant's option to plaintiff present this question: When plaintiff conveyed by deed the Lee note on which was due about $1,400.00, and the deed of trust securing the same to Hinnant, and as a part of the same transaction, Hinnant gave back to plaintiff an option agreeing to sell and convey to plaintiff the Lee note and deed of trust securing it, provided the option shall be exercised in 90 days, and when it was understood at the time of the inception of the transaction and at the time of the execution and delivery of the deed and option by the parties thereto that these instruments should constitute a mortgage securing an indebtedness of plaintiff to Hinnant in the amount of $310.00, are the deed and option taken together a mere sale with an option to buy, or do they constitute a mortgage?

If the transaction is a sale and an option to buy, the option must be exercised according to its terms. If the transaction is a mortgage all

the incidents and qualities of a mortgage attach, whatever its external form. *O'Briant v. Lee,* 214 N.C. 723, 200 S.E. 865.

We have discussed the principles of law as to whether a deed for realty absolute on its face, with a contemporaneous agreement or option for repurchase is a mortgage or a mere sale and agreement or option to purchase in the cases of *O'Briant v. Lee,* 212 N.C. 793, 195 S.E. 15; *Same Case,* 214 N.C. 723, 200 S.E. 865; *Ferguson v. Blanchard,* 220 N.C. 1, 16 S.E. 2d 414; and *Ricks v. Batchelor,* 225 N.C. 8, 33 S.E. 2d 68. See also Annos.: 79 A.L.R. 937 and 155 A.L.R. 1104.

It seems to be elemental learning that a conveyance cannot be a mortgage unless given to secure the performance of an obligation. Conversely, if intended to secure an obligation at the inception of the transaction, it will be considered in equity as a mortgage, and nothing else. The question is one of intention to be decided from a consideration of the whole transaction, and not from any particular feature of it. Anno.: 90 A.L.R. 953.

"The real character of the transaction and the true intention of the parties may be inquired into, and shall govern, notwithstanding they may have adopted the form of an absolute conveyance and bond for resale. And if such transaction was really a loan, and these instruments were executed to secure it, it is a mortgage . . ." *O'Briant v. Lee,* 214 N.C. 723, 200 S.E. 865.

We said in *Ricks v. Batchelor, supra:* "Whether any particular transaction amounts to a mortgage or an option of repurchase depends upon the real intention of the parties, as shown on the face of the writings, or by extrinsic evidence, and the distinction is whether the debt existing prior to the conveyance is still subsisting, or has been satisfied by the conveyance. If the relation of debtor and creditor still continues, equity will regard the transaction as a method of securing a debt—and hence a mortgage."

In *Waters v. Crabtree,* 105 N.C. 394, 11 S.E. 240, it is held that a deed absolute on its face may be treated as a mortgage when it was agreed at the time of its execution that such should be its purpose.

The rule seems to be generally recognized that in determining whether a deed was intended as a mortgage, the fact that the value of the property conveyed was much greater than the consideration for the deed is a factor tending to show that the deed was intended to operate as a mortgage. Anno.: 90 A.L.R. 954, where the North Carolina cases are cited.

"The intention of the parties that the deed with option to repurchase shall constitute a mortgage or security for a debt must be established by proof of facts and circumstances *dehors* the deed inconsistent with an absolute conveyance." *Ricks v. Batchelor, ibid.*

Whenever an application of the relevant principles of law to such a transaction still leaves a doubt, it seems that the American Courts have generally leaned in favor of the mortgage. *O'Briant v. Lee*, 214 N.C. 723, p. 726, 200 S.E. 865.

Applying these principles to the allegations of the complaint as to whether the transaction was a mortgage or a mere sale with an option to buy, we think that the question presented which we have stated above, should be answered that the allegations of fact, which on a demurrer we accept as true, state a case that the deed of plaintiff to Hinnant absolute on its face with a contemporaneous option to repurchase from Hinnant to plaintiff is a mortgage. While the authorities we have cited deal with conveyances of land, we think the relevant principles of law are applicable to the transaction here. The appellants in their brief contend that the above principles of law do not apply to the conveyance of a note, but they cite no authority to support their contention.

The defendants contend in support of their demurrer *ore tenus* that the complaint alleges no cause of action against the defendant Nancy Y. Lee. In support of their argument, they cite no authority.

The complaint alleges that Nancy Y. Lee and J. Kenneth Lee were purchasers from plaintiff of the East Market Street property, that in payment therefor they gave to plaintiff cash, assumed obligations of his, executed and delivered to him their note for $1,950.00 secured by a deed of trust on their house on Lindsay Street, and it was understood and agreed by the parties "that the plaintiff's security for the said balance of the purchase price should cover the said East Market Street property as soon as the defendants" (J. Kenneth Lee and Nancy Y. Lee) "could obtain a first mortgage on said property for the construction of a business building thereon," and that the defendants Lee have failed to give plaintiff a mortgage on this property, and have failed to pay their note in full. The demurrer *ore tenus* does not state that these allegations of fact fail to state a cause of action against J. Kenneth Lee, and no such contention is made in defendants' brief.

Whether the oral agreement to secure the $1,950.00 note by a mortgage on the East Market Street property is void by reason of the Statute of Frauds cannot be raised by demurrer. *McCampbell v. Building & Loan Ass'n.*, 231 N.C. 647, 58 S.E. 2d 617; *Embler v. Embler*, 224 N.C. 811, 32 S.E. 2d 619.

In proper cases an estoppel based upon grounds of fraud may override the Statute of Frauds. *Callaham v. Arenson*, 239 N.C. 619, p. 626, 80 S.E. 2d 619; 19 Am. Jur., Estoppel, Sec. 92; Anno.: 50 A.L.R. 668 *et seq.* As *Lord Justice James* said in *Haigh v. Kaye*, 7 Chancery Appeal Cases, 469: "I apprehend it is clear that the Statute of Frauds

was never intended to prevent the court of equity from giving relief in the case of a plain, clear, and deliberate fraud." Such is the law with us. *McNinch v. Trust Co.*, 183 N.C. 33, 110 S.E. 663.

As to the defendant Nancy Y. Lee, the demurrer *ore tenus* merely states that no cause of action of any kind is alleged against her. It does not specify the grounds of objection to the complaint, and will be disregarded. G.S. 1-128; *Duke v. Campbell*, 233 N.C. 262, 63 S.E. 2d 555; *Wilson v. Motor Lines*, 207 N.C. 263, 176 S.E. 750; *Oldham v. McPheeters*, 201 N.C. 35, 158 S.E. 702; *Love v. Comrs.*, 64 N.C. 706. In addition, since the defense of the Statute of Frauds to an oral agreement to give a mortgage cannot be raised by a demurrer, and as J. Kenneth Lee, a defendant, who appears as counsel here for all the defendants, has not demurred on the ground that the complaint does not state a cause of action against him for failure to give a mortgage as agreed, we think that the alleged cause of action that the defendants Lee agreed to give the plaintiff a mortgage on the East Market Street property to secure their $1,950.00 note, which was part of the purchase price, and that they failed to do so, cannot be overthrown by a demurrer. 59 C.J.S., Mortgages, Sec. 15; and 36 Am. Jur., Mortgages, Sec. 14. It must be distinctly understood that we are not deciding, but leaving completely open, the question of law that may be presented, if the Statute of Frauds is pleaded in the answer as a defense.

The trial judge properly overruled the demurrer *ore tenus*.

The written demurrer states there is a defect of parties defendant appearing on the face of the complaint. The demurrer fails to state what persons should be made defendants and on what grounds, and on this point may be disregarded. G.S. 1-128; *Duke v. Campbell, supra.* The defendants in their brief contend that the complaint alleges that the defendants Lee "have sold a portion of the East Market Street property" and that the purchaser or purchasers of this part should be made parties defendant. As to the question of law which the defendants have attempted to present, see *Ricks v. Batchelor, supra.*

It is to be noted that the defendants have demurred on the ground of a misjoinder of causes, and not on the ground of a misjoinder of causes and parties. When a misjoinder of causes exists, the action will not be dismissed: the court will sever the causes, and divide the actions. G.S. 1-132; *Mills v. Cemetery Park Corp., ante,* 20, 86 S.E. 2d 893; *Pressley v. Tea Co.*, 226 N.C. 518, 39 S.E. 2d 382. A misjoinder of parties and causes is fatal, and causes a dismissal of the action. *Teague v. Oil Co.*, 232 N.C. 469, 61 S.E. 2d 345; *Mills v. Bank*, 208 N.C. 674, 182 S.E. 336.

The demurrer states that the plaintiff "has undertaken improperly to join in one action two causes of action that do not arise out of the same

transaction, or out of a transaction connected with the same subject of action, for that he undertakes to allege under one cause of action that the defendant J. Kenneth Lee breached an oral contract to execute a mortgage on certain property described in a deed recorded in book 1453, page 532, office of the Register of Deeds of Guilford County, and as a further cause of action, undertakes to allege that an absolute conveyance of an interest in another parcel of land from the plaintiff to the defendant Waddell Hinnant was in fact a conveyance for security purposes only."

The complaint alleges that J. Kenneth Lee and Nancy Y. Lee breached their oral agreement to execute and deliver to plaintiff a mortgage on the East Market Street property.

G.S. 1-123 classifies the causes of action that may be joined, and concludes: "But the causes of action so united must all belong to one of these classes, and except in actions for the foreclosure of mortgages, must affect all the parties to the action. . . ." This Court said in *Wrenn v. Graham*, 236 N.C. 719, 74 S.E. 2d 232: "Ordinarily only those matters germane to the cause of action asserted in the complaint and in which all the parties have a community of interest may be litigated in the same action." There is a material difference between the consolidation of cases for convenience of trial and the joinder in a complaint of several causes of action by virtue of G.S. 1-123.

Applying these principles it seems clear that there is a misjoinder of causes of action. There are three defendants and at least three causes of action are set out, which do not affect all the parties to the action as required by the Statute.

The plaintiff alleges first, a failure of J. Kenneth Lee and Nancy Y. Lee to give him a mortgage as they had agreed to do on the East Market Street property. That cause of action does not affect the defendant Hinnant. Next, that the deed from him to Hinnant and the option from Hinnant to him constitutes a mortgage, and then that there was an unlawful and fraudulent cancellation of the deed of trust given by the Lees to him on the Lindsay Street property. It would seem that all three defendants are affected by the last two causes of action which arise out of transactions connected with the same subject of action.

The demurrer should have been sustained on the ground that several causes of action have been improperly united, G.S. 1-127; *Heath v. Kirkman*, 240 N.C. 303, 82 S.E. 2d 104. Even so, the action need not be dismissed: the lower court will divide the first cause of action from the other two on the docket for separate trials. G.S. 1-132; *Smith v. Gibbons*, 230 N.C. 600, 54 S.E. 2d 924.

The complaint does not state the name of the trustee in the deed of trust on the Lindsay Street property. It would seem that he should be

made a party defendant in the last two causes of action, if not as a necessary, at least as a proper, party that he may be bound by the judgment entered.

In accordance with this opinion:

The part of the judgment overruling the demurrer *ore tenus* and overruling the demurrer for defect of parties is *Affirmed.*

The part of the judgment overruling the demurrer on the ground of misjoinder of causes is *Reversed.*