JACK DUNN, AND HIS WIFE, JOANN SMITH DUNN v. DAVID E. DUNN, JR., AND HIS WIFE, GERTRUDE M. DUNN

No. 7416SC912

(Filed 5 March 1975)

**Frauds, Statute of § 4— conveyance of land — oral agreement to reconvey — fraud — specific performance**

The evidence was sufficient to support a jury finding that plaintiff conveyed property to defendant for $7,000 upon defendant's fraudulent representation that he would execute an option to plaintiff to repurchase the property within five years for $10,000; therefore, defendant is equitably estopped to plead the statute of frauds and plaintiff is entitled to specific performance of the contract to reconvey.

APPEAL by defendants from *Webb, Judge.* Judgment entered 24 July 1974 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 20 January 1975.

Plaintiffs allege that Jack Dunn, hereafter referred to as plaintiff, and his brother David E. Dunn, Jr., hereafter referred to as defendant, entered into an agreement for plaintiff to convey to defendant his one-half undivided interest in a tract of land in Laurinburg, which they owned as tenants in common, for the sum of $7,000.00, and that defendants would execute simultaneously an option to plaintiff to repurchase the one-half interest within five years for $10,000.00; that pursuant to the agreement plaintiffs delivered the deed, but that defendant, though the option to repurchase was prepared by his attorney, fraudulently refused to execute and deliver the same to plaintiff and now fraudulently refuses to acknowledge any such right of the plaintiff to repurchase.

Defendants answer that an option was prepared by their attorney at the request of plaintiff but that they refused to execute it because they never agreed to give such option to repurchase to plaintiff, and they pled the statute of frauds.

Plaintiffs reply that defendant represented that he and his wife had executed the option and put it in their safe, which was false, and that defendants are estopped from pleading the statute of frauds because of fraud.

At trial plaintiff's evidence tended to show the facts as alleged in his pleadings, and he explained that he needed $7,000 for his used car business but his bank would not accept a one-

half undivided interest in the tract as security; so he proposed to the defendant the deed with option to repurchase agreement which was accepted by defendant, who advised plaintiff that he would have his attorney prepare both the deed and option. On 12 February 1968, when defendant informed plaintiff that the papers were ready, he and his wife went to the attorney's office, executed the deed, and plaintiff read the unsigned option to repurchase and found it acceptable. Later the same day plaintiff went to defendant's office, got the $7,000, and asked for the executed option, but defendant told him that he did not need it then and that it was in his safe. Plaintiff thereafter made several demands for the option but defendant refused. He did not know the option was not executed until after he brought this action.

Plaintiff also offered the testimony of their mother to the effect that defendant told her on 12 February 1968 that he had agreed to give plaintiff an option to repurchase within five years for $10,000; and the testimony of his sister that shortly thereafter defendant told her that plaintiff thought he was going to get the property back but he was not.

Plaintiff testified that the fair market value of his one-half interest in the tract on 12 February 1968 was at least $22,500. The owner of a nearby tract testified that the one-half interest was worth $25,000 to $30,000 at that time.

Defendant testified that no option was ever discussed and the deed was an outright conveyance; that plaintiff mentioned a repurchase for $10,000 more than two years after the deed was made. His wife testified that after she signed the deed of trust to receive the bank loan on 16 February 1968, a bank officer gave her a paper that she took home and put away, but she did not know that it was an option until she found and read it after this action was brought.

The case was tried before a jury. The issues submitted to the jury at the close of the evidence and their verdict thereon were as follows:

"1. Did the defendant, David E. Dunn, Jr., agree to grant to the plaintiffs a five (5) year option to repurchase the land described in Paragraph III of the complaint for $10,000.00 in consideration of the plaintiff, Jack Dunn,

conveying to the defendant for $7,000.00 his one-half interest in the land described in Paragraph III of the complaint?

ANSWER: Yes.

2. Was the plaintiff, Jack Dunn, induced to execute the deed dated February 12, 1968, by the fraud of the defendant, David E. Dunn, Jr.?

ANSWER: Yes.

3. Was the defendant, David E. Dunn, Jr., acting as agent for his wife, Gertrude M. Dunn, in the transaction with Jack Dunn?

ANSWER: Yes."

The trial judge entered Judgment ordering the defendants, upon payment of $10,000 into the office of the Clerk of Superior Court, to execute and deliver to the plaintiffs a good and sufficient deed to the lands described in the complaint. From this judgment, defendants appealed.

*William A. Vaden for the plaintiff.*

*Jennings G. King for the defendant.*

CLARK, Judge.

The evidence is ample to support the jury finding that the plaintiff executed the deed for his one-half undivided interest in the lands to the defendant with the understanding and agreement that the plaintiff would have the option to repurchase the said one-half interest as alleged. There was evidence that the oral agreement had been reduced to writing in the form of an option to repurchase, which was prepared by the defendants' attorney and that defendant falsely represented that he and his wife had executed the option, had put it in a safe place and would deliver it to plaintiff later. The fact that the value of the property conveyed was much greater than the consideration for the deed is a factor tending to support the agreement. *McKinley v. Hinnant,* 242 N.C. 245, 87 S.E. 2d 568 (1955).

The evidence is also sufficient to support the jury finding that defendant fraudulently induced the plaintiff to execute the deed. The evidence that defendant made statements to his sister that he did not intend to reconvey the lands to the plaintiff, while made after the delivery of the deed, were nevertheless

probative of his original intent and purpose. *Early v. Eley,* 243 N.C. 695, 91 S.E. 2d 919 (1956).

It is clear that an oral agreement to acquire legal title to land and thereafter reconvey to the grantor upon specified terms and conditions is within the statute of frauds, (G.S. 22-2), and is unenforceable in the absence of fraud, mistake or undue influence. A parol trust in favor of a grantor cannot be engrafted upon such a deed. *Conner v. Ridley,* 248 N.C. 714, 104 S.E. 2d 845 (1958).

But in proper cases an equitable estoppel based upon grounds of fraud may override the statute of frauds. *McKinley v. Hinnant, supra.* In *McNinch v. Trust Co.,* 183 N.C. 33, 38, 110 S.E. 663, 666 (1922), an action based on breach of a constructive trust to hold land and obtain the best price therefor, the Court said, "[i]t is not necessary that actual fraud be shown, but the establishment of such conduct and bad faith . . . as would shock the conscience of a chancellor will suffice to invoke the aid of a court of equity." See also 73 Am. Jur. 2d, Statute of Frauds, § 567 (1974).

We do not find a case in this State where the relief sought is the specific performance of a contract to reconvey lands based on equitable estoppel because of fraud. There are numerous cases where the grantor sought to have a transaction of this nature declared a mortgage. *Ferguson v. Blanchard,* 220 N.C. 1, 16 S.E. 2d 414 (1941) ; *Ricks v. Batchelor,* 225 N.C. 8, 33 S.E. 2d 68 (1945) ; *McKinley v. Hinnant, supra; Hardy v. Neville,* 261 N.C. 454, 135 S.E. 2d 48 (1964). Our Supreme Court has recognized the doctrine of equitable estoppel and there is some indication in *McNinch v. Trust Co., supra,* that in an appropriate case of estoppel based on fraud, it would uphold the specific performance of such a contract to reconvey.

In other jurisdictions it has been held that the conveyance of land by the plaintiff to the defendant, under an oral agreement by the latter to reconvey to the plaintiff, has been held to constitute a sufficient part performance to entitle the plaintiff to a specific performance of the contract to reconvey. See Annot. 101 A.L.R. 923 at 1108 (1936). In *Cloniger v. Cloniger,* 261 S.C. 603, 193 S.E. 2d 647 (1973), the court upheld the right of the plaintiff to the specific performance of defendant's oral promise to reconvey land to the plaintiff when he was able to repay costs incurred by defendant, together with interest.

There is no evidence that the plaintiff made a tender to the defendant of the sum of $10,000, the agreed consideration for repurchase; but here the evidence is clear that the defendant disavowed the contract, and this relieved the plaintiff of any necessity of thereafter tendering repayment. *Bateman v. Hopkins,* 157 N.C. 470, 73 S.E. 133 (1911); 7 Strong, N. C. Index 2d, Tender (1968).

The defendant assigns as error the three issues submitted to the jury. Upon our review we find that the issues of contract, fraud and agency were sufficient as to all determinative facts. Since the charge of the court was omitted from the record on appeal, it is presumed that the jury was properly instructed on the law of equitable estoppel based on fraud. We also find that the issues submitted support the judgment.

Under the circumstances in this case, we believe that the defendants are equitably estopped to plead the statute of frauds in defense of the plaintiffs' action and that the verdict of the jury was fully supported by the evidence.

Defendants' other assignments of error relate to questions of evidence, and upon review we find no prejudicial error.

It is noted that the judgment provides that defendants execute a fee simple deed to the lands described. Obviously, the judgment should be corrected to provide that the defendants execute a deed to the plaintiffs conveying a one-half undivided interest in the lands described upon tender of the option price of $10,000. And, except as remanded for this correction in the judgment, we find

No error.

Chief Judge BROCK and Judge BRITT concur.