COMPUTER DECISIONS, INC. v. ROUSE OFFICE MGMT. OF N.C.

[124 N.C. App. 383 (1996)]

tigator. The court concluded that these were all reasonable steps in plaintiff's attempt to develop evidence in support of his cause of action. Therefore, we must uphold the trial court's decision to not impose sanctions under this last prong of Rule 11.

For the foregoing reasons, the order of the trial court is,

Affirmed.

Judges JOHNSON and LEWIS concur.

━━━━━━━━

COMPUTER DECISIONS, INC., PLAINTIFF v. ROUSE OFFICE MANAGEMENT OF NORTH CAROLINA, INC., AND ROUSE-TEACHERS GATEWAY II LIMITED PARTNERSHIP, DEFENDANTS

95-1155

(Filed 5 November 1996)

**1. Frauds, Statute of § 32 (NCI4th)— sufficiency of pleading**

Defendants adequately pled the statute of frauds as a defense to a claim for breach of a lease where they pled that no written agreement to enter the lease was ever executed by the parties.

**Am Jur 2d, Landlord and Tenant §§ 13, 28, 29; Statute of Frauds §§ 98, 100, 101.**

**2. Frauds, Statute of § 5 (NCI4th)— admissions in answers and deposition—no writing under statute of frauds**

Defendants' admissions in their answer and in their vice president's deposition did not substitute for a writing under the statute of frauds.

**Am Jur 2d, Contracts § 181; Statute of Frauds §§ 100, 178, 311, 312.**

**3. Frauds, Statue of § 3 (NCI4th)— statute of frauds—no equitable estoppel to assert**

Defendants were not equitably estopped from asserting the statute of frauds, since defendants did not have a duty to disclose their intentions regarding plaintiff's proposed lease or their negotiations with another prospective tenant, and, assuming that

defendant's vice president's statement that the parties "had a deal" was a promise that defendants thereafter breached, breach of promise alone is insufficient to establish estoppel.

**Am Jur 2d, Estoppel and Waiver § 48; Statute of Frauds §§ 100, 565, 566.**

4. **Frauds, Statute of § 3 (NCI4th)— statute of frauds defense—quasi-estoppel no bar**

Quasi-estoppel did not bar defendants' statute of frauds defense since there was no evidence that defendant accepted benefits of the alleged lease agreement with plaintiff, and since detrimental reliance is irrelevant under the doctrine of quasi-estoppel.

**Am Jur 2d, Estoppel and Waiver § 48; Statute of Frauds §§ 100, 569.**

5. **Frauds, Statute of § 5 (NCI4th)— internal form and draft lease—failure to show contract formation—statute of frauds not satisfied**

An internal form and a draft lease were insufficient to satisfy the statute of frauds because those writings failed to show contract formation.

**Am Jur 2d, Commercial Code §§ 113, 115; Contracts § 181; Statute of Frauds §§ 100, 366.**

**Undelivered lease or contract (other than for sale of land), or undelivered memorandum thereof, as satisfying statute of frauds. 12 ALR2d 508.**

**Sufficiency of memorandum of lease agreement to satisfy the statue of frauds as regards terms and conditions of lease. 16 ALR2d 621.**

6. **Fraud, Deceit, and Misrepresentation § 15 (NCI4th)— negotiations between commercial parties—no duty to disclose—no fraud**

The trial court did not err in granting summary judgment for defendants on plaintiff's fraud claim, since both plaintiff and defendants were commercial parties negotiating a commercial lease, and defendants had no duty to inform plaintiff that they were negotiating with another party.

**Am Jur 2d, Statute of Frauds §§ 366, 513.**

**7. Unfair Competition or Trade Practices § 12 (NCI4th)— lease negotiations—no unfair and deceptive practices**

The trial court did not err in granting summary judgment for defendants on plaintiff's unfair and deceptive practices claim since there was no enforceable contract between the parties; by deciding not to pursue lease negotiations with plaintiff, defendants were simply exercising their right to contract freely with whomever they chose; and even if defendants did breach an oral lease agreement, substantial aggravating circumstances attendant to the breach must be shown in order to sustain an action under N.C.G.S. § 75-1.1.

**Am Jur 2d, Contracts § 238; Fraud and Deceit § 41.**

Appeal by plaintiff from order signed 11 August 1995 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 5 June 1996.

*Howard, From, Stallings & Hutson, P.A., by John N. Hutson, Jr. and Scott A. Miskimon, for plaintiff-appellant.*

*Moore & Van Allen, PLLC, by Denise Smith Cline, for defendant-appellee.*

LEWIS, Judge.

Plaintiff appeals the trial court's grant of summary judgment for defendants on all of its claims.

Evidence presented at summary judgment shows the following undisputed facts: Computer Decisions, Inc. ("Computer Decisions") operates a computer training business in Morrisville, North Carolina. In 1992, Computer Decisions began negotiations with Rouse-Teachers Gateway II Limited Partnership, and its property manager, Rouse Office Management of North Carolina, Inc. (hereinafter jointly "Rouse"), to explore the possibility of leasing office space from Rouse on the first floor of 2300 Gateway Centre ("the premises") in Morrisville.

On 14 December 1992, representatives of Computer Decisions and Rouse met and reached verbal agreement regarding the proposed initial lease term, premises to be leased initially, allocation of various upfitting charges, and rent. Certain other terms remained undecided. It was then plaintiff's president Jon Beard asked Rouse vice-president Jody Clark if they had a deal. She said: "We have a deal." Defendants

were aware that plaintiff had a deadline for moving. On 15 December 1992, Rouse created a written internal request form ("internal form") to serve as the basis for a draft lease. The internal form was signed by two Rouse vice presidents and contained the name of the tenant, description of the premises, rent, lease term, and additional provisions.

During December 1992 and January 1993, the parties continued to negotiate over terms and exchanged drafts of proposed lease agreements. On 28 January 1993, Computer Decisions learned that Rouse had been negotiating with Nello Teer. Jon Beard confronted Jody Clark who declared that Rouse no longer intended to rent the premises to Computer Decisions. Rouse then leased the premises to Nello Teer. As its existing lease expired on 28 February 1993, Computer Decisions had to locate, lease, remodel and move into new office space in 30 days.

On 2 December 1993, Computer Decisions filed a complaint, amended 7 April 1995, against Rouse alleging claims for breach of lease, fraud, negligent misrepresentation, and unfair and deceptive trade practices. Defendants filed an answer in which they asserted that there was no written lease agreement to bind the parties. Defendants then moved for summary judgment which motion was granted by order signed 11 August 1995 by Judge Stafford G. Bullock. Plaintiff appeals.

Plaintiff contends that the court erred by granting summary judgment for defendants on its breach of lease claim. Defendants counter that, as a matter of law, any alleged lease agreement is unenforceable for failure to comply with the statute of frauds.

We first address plaintiff's assertions (1) that defendants have not sufficiently pled the statute of frauds, (2) that defendants' admissions of the lease agreement substitute for the statute of frauds, and (3) that defendants are estopped to plead the statute of frauds.

[1] First, defendants pled the statute of frauds as a defense because they pled that no written agreement to enter the lease was ever executed by the parties. *See Yaggy v. B.V.D. Co.*, 7 N.C. App. 590, 597, 173 S.E.2d 496, 501, *cert. denied*, 276 N.C. 728 (1970).

[2] Second, plaintiff cites *Sandlin v. Kearney*, 154 N.C. 596, 70 S.E. 942 (1911), in support of its assertion that defendants' admissions in their answer and in Jody Clark's deposition substitute for a writing under the statute of frauds. *Sandlin* does not support this contention.

In *Sandlin*, the statute of frauds defense was waived because it was not asserted. *Id.* at 600, 601-602, 70 S.E.2d at 944, 945. Consequently, the court relied on the parties' admissions. *See id.*

In fact, except for cases decided under the Uniform Commercial Code Statute of Frauds, N.C. Gen. Stat. section 25-2-201, inapplicable here, our courts have consistently held that a party's admission of the contract in a deposition or answer does *not* bar that party from pleading the statute of frauds as a defense. *E.g.*, *Weant v. McCanless*, 235 N.C. 384, 386, 70 S.E.2d 196, 198 (1952); *Barnes v. Teague*, 54 N.C. 277, 280 (1854); *Pierce v. Gaddy*, 42 N.C. App. 622, 626, 257 S.E.2d 459, 462, *disc. review denied*, 298 N.C. 569, 261 S.E.2d 124 (1979).

[3] Third, plaintiff asserts that defendants are estopped under the doctrines of equitable estoppel and quasi-estoppel from asserting the statute of frauds. In a proper case, equitable estoppel based on fraud may override the statute of frauds. *Dunn v. Dunn*, 24 N.C. App. 713, 716, 212 S.E.2d 407, 409, *cert. denied*, 287 N.C. 258, 214 S.E.2d 430 (1975).

Plaintiff contends that there is a genuine issue of material fact as to whether defendants' failure to disclose its simultaneous negotiations with plaintiff and Nello Teer was fraudulent or in bad faith so as to warrant application of equitable estoppel.

However, as discussed below in regard to plaintiff's fraud and negligent misrepresentation claims, defendants did not have a duty to disclose their intentions regarding plaintiff's proposed lease or their negotiations with Nello Teer. Furthermore, assuming that Jody Clark's statement that the parties "had a deal" was a promise that defendants thereafter breached, breach of promise alone is insufficient to establish estoppel. *Vick v. Vick*, 126 N.C. 123, 128, 35 S.E. 257, 258 (1900). We hold that there is no genuine dispute of material fact, and that, as a matter of law, defendants are not equitably estopped from asserting the statute of frauds.

[4] In the alternative, plaintiff asserts, based on its detrimental reliance, that quasi-estoppel bars defendants' statute of frauds defense. We disagree.

In *Brooks v. Hackney*, 329 N.C. 166, 404 S.E.2d 854 (1991), the Court stressed that the party asserting the statute of frauds defense accepted the benefits of the contract for eight years before first asserting that the contract was not binding. *Id.* at 173, 172-74 n.3, 404 S.E.2d at 858-59. Here, there is no evidence that defendants accepted

the benefits of the alleged lease agreement with plaintiff. In addition, we have held that detrimental reliance is irrelevant under the doctrine of quasi-estoppel. *Carolina Medicorp v. Bd. of Trustees of the State Medical Plan,* 118 N.C. App. 485, 493, 456 S.E.2d 116, 121 (1995). We hold that defendants are not precluded under the doctrines of equitable estoppel or quasi-estoppel from asserting the statute of frauds defense.

[5] Plaintiff asserts that the 15 December 1992 internal form and a draft lease dated 18 December 1992 ("draft lease") are sufficient to satisfy the statute of frauds. We disagree because these writings fail to show contract formation.

North Carolina's Statute of Frauds, N.C. Gen. Stat. section 22-2 (1986), provides, *inter alia,* that "leases and contracts for leasing land exceeding in duration three years from the making thereof, shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith." Here, since the alleged lease was for a term greater than three years, G.S. section 22-2 applies.

The writing or writings must "show the essential elements of a valid contract," *Smith v. Joyce,* 214 N.C. 602, 604, 200 S.E. 431, 433 (1939), and " 'the *intent* and *obligation* of the parties.' " *Rape v. Lyerly,* 287 N.C. 601, 615, 215 S.E.2d 737, 746 (1975) (quoting *Mayer v. Adrian,* 77 N.C. 83, 88 (1877)).

We find the internal request form relied upon by plaintiff insufficient to satisfy the statute of frauds. This form is titled "Office and Industrial Document Request." It requests creation of a draft lease and sets out the terms to be included. It is signed by two Rouse vice presidents, and includes the name of the tenant, description of the premises, rent, lease term, and additional provisions. However, there is no indication, from the face of the document, that the parties made an agreement to be bound. This writing fails to show the essential elements of a contract. *See McGraw v. Llewellyn,* 256 N.C. 213, 216-17, 123 S.E.2d 575, 578 (1962).

We also hold that the 18 December 1992 draft lease, either alone or combined with the internal form, is insufficient under the statute of frauds as it too fails to contain evidence of contract formation. Since the alleged oral lease agreement, even if proven to exist, is unenforceable under the statute of frauds, the trial court did not err in granting summary judgment on plaintiff's claim for breach of lease.

We only address the failure to disclose component of the plaintiff's fraud claims since the other fraud allegations have been abandoned. *See* N.C.R. App. P. 28(a) (1996).

[6] Plaintiff has not cited any North Carolina cases which show, under the facts presented, that defendants had a duty to disclose their intentions regarding their leasing plans for the premises. Such a duty must be shown for fraud claims based on an alleged failure to disclose. *See Harton v. Harton*, 81 N.C. App. 295, 297-98, 344 S.E.2d 117, 119-20, *disc. review denied*, 317 N.C. 703, 347 S.E.2d 41 (1986).

In addition, we have held, in the context of a fraud claim, that there is no duty of disclosure in a commercial real estate transaction between commercial parties. *C.F.R. Foods, Inc. v. Randolph Development Co.*, 107 N.C. App. 584, 589, 421 S.E.2d 386, 389, *disc. review denied*, 333 N.C. 166, 424 S.E.2d 906 (1992). Both plaintiff and defendants were commercial parties negotiating a commercial lease. Under the facts presented, defendants did not have a duty to inform plaintiff that they were negotiating with another party. The trial court did not err by granting summary judgment on plaintiff's fraud claim.

Plaintiff also asserts a claim for negligent misrepresentation but cites no North Carolina cases in support of its contention that defendants had a duty of disclosure. Summary judgment was properly given.

[7] Plaintiff also asserts that the trial court erred by granting summary judgment to defendants on its unfair and deceptive trade practices claim under N.C. Gen. Stat. section 75-1.1 *et. seq.* (1994).

To prevail on an unfair and deceptive trade practices claim, a plaintiff must show (1) that the defendant committed an unfair or deceptive act or practice, (2) in or affecting commerce, (3) and that it was injured thereby. *Canady v. Mann*, 107 N.C. App. 252, 260, 419 S.E.2d 597, 602 (1992), *disc. review denied as improvidently allowed*, 333 N.C. 569, 429 S.E.2d 348 (1993).

Plaintiff relies on *Mosley & Mosley Builders v. Landin Ltd.*, 97 N.C. App. 511, 389 S.E.2d 576, *disc. review denied*, 326 N.C. 801, 393 S.E.2d 898 (1990) in an attempt to show that defendants' actions were deceptive. We do not find *Mosley* applicable.

In *Mosley*, a landlord forcibly entered the tenant's premises and removed his personal property from the rented premises while there

was an outstanding dispute between the parties as to whether the landlord could relocate the tenant to a new location. *Id.* at 519, 389 S.E.2d at 580-81. The court held that, under these circumstances, a letter from the landlord, sent shortly prior to the dispute and wishing the tenant a profitable year, had the tendency to mislead and deceive. *See id.* In contrast, here, there was no enforceable contract between plaintiff and defendants, and no wrongful entry or removal of property as there was in *Mosley.*

Defendants rely on *Tar Heel Industries v. E.I. duPont de Nemours,* 91 N.C. App. 51, 370 S.E.2d 449 (1988). There, the plaintiff, a provider of shuttle service, claimed that the defendant violated Chapter 75 by failing to inform plaintiff that it was looking for an alternative shuttle service provider prior to the sixty days notice required under the service contract. *Id.* at 56-57, 370 S.E.2d at 452. Stating that the defendant was only exercising its rights under the contract, we held, as a matter of law, that there was no violation of Chapter 75. *Id.* Similarly here, by deciding not to pursue lease negotiations with plaintiff, defendants were simply exercising their right to contract freely with whomever they choose.

Plaintiff's Chapter 75 claim is based on defendants' alleged breach of an oral lease agreement. It is well established that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under G.S. section 75-1.1. *Branch Banking and Trust Co. v. Thompson,* 107 N.C. App. 53, 62, 418 S.E.2d 694, 700, *disc. review denied,* 332 N.C. 482, 421 S.E.2d 350 (1992). Rather, substantial aggravating circumstances attendant to the breach must be shown. *Id.* This the plaintiff has not done. Under the undisputed facts, we hold that defendants' actions, as a matter of law, do not violate Chapter 75.

There is no genuine issue of material fact, and defendants are entitled to judgment as a matter of law. Accordingly, we affirm the trial court's grant of summary judgment for defendants on all of plaintiff's claims.

Judges JOHNSON and MARTIN, Mark D. concur.